130 N.J. Super. 119 (1974)
325 A.2d 826
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT M. POLLARA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 3, 1974.
Decided September 13, 1974.
*120 Before Judges CONFORD, LORA and ALLCORN.
Mr. Gerald D. Miller argued the cause for the appellant (Miller, Hochman, Meyerson & Miller, attorneys).
Mr. Russell M. Cottrell, Assistant Prosecutor, argued the cause for the respondent (Mr. James M. Coleman, Jr., Prosecutor of Monmouth County, attorney; Mr. Edward A. Mac Duffie, Jr., Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant, charged by indictment with the possession of a controlled dangerous substance, i.e., a species of amphetamine, appeals from an order of the Superior Court, Law Division, denying his motion to suspend the criminal proceedings pursuant to N.J.S.A. 24:21-27.
*121 The cited section, part of the New Jersey Controlled Dangerous Substances Act (L. 1970, c. 226, am. by L. 1971, c. 3), provides that persons not previously convicted of a drug-related offense, who are charged with or convicted of an offense under certain sections of the act, including possession of amphetamines, may in the discretion of the court have their prosecutions suspended and be placed under supervisory treatment. If the terms of suspension and treatment specified by the court are complied with by defendant, he is free of the stigma of criminal conviction. Availability of the proceedings is dependent on the court determining "in its discretion" either that (1) defendant's presence in the community or in a civil treatment center or program will not pose a danger to the community, or (2) the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit defendant by serving to correct any dependence on or use of controlled substances which he may manifest. N.J.S.A. 24:21-27, subd. c.
Defendant's application, along with that of a codefendant (not here an appellant), came on to be heard before the assignment judge of Monmouth County. It was disclosed to him that defendants were found in possession of a package of pills (108 in number) in a truck and that defendant had no prior involvement in criminal activity of any kind. Upon inquiry by the judge, the prosecutor stated he had no objection to suspension of the proceedings under section 27. The court ordered the preparation of probation reports on defendants and carried the motions to another date at which they were disposed of by another judge, and adversely to both defendants.
A probation report for defendant was prepared prior to the adjourned hearing date, but the transcript of the proceedings on that day does not indicate that the judge knew of or gave any consideration to its contents in rendering his determination.
Ascertainment of the reasoning of the judge in denying the instant application requires resort both to the transcript *122 of the proceedings in which he denied the similar application of the co-defendant and to that in the instant case, which was heard immediately after the denial of the other. The judge expressly stated that the instant ruling was for the same reasons as those he gave in denying the motion of the codefendant.
The sum and substance of the court's attitude on the companion application was that he disagreed with the policy of the statute in declaring that a conditional discharge of proceedings against a defendant, whether or not he had pleaded to or been convicted on the current charge, "shall not be deemed a conviction for the purposes of determining whether a second or subsequent offense has occurred" under the provisions of N.J.S.A. 24:21-29, calling for enhanced punishment of repetitive drug offenders. This was thought by the judge to represent a denial of "due process" to the State, curable only by the court's refusal to entertain section 27 proceedings unless defendant pleaded guilty or was convicted. No such contention was made by the prosecutor, and we regard it as a totally unwarranted subversion of the salutary legislative intent in enacting this provision. A judge is free to disagree with the policy of a statute but not to refuse to apply it in good faith, unless he finds it unconstitutional, not here the case. Moreover the court erred in assuming that if conditional discharge under section 27 were granted after a plea of guilty or a conviction, a conviction of a subsequent offense would be visited with multiple offender consequences. It clearly would not, as the statute stands.
The probation report of this 25-year-old defendant indicates he is employed in a responsible position at a substantial salary and that, although separated from his wife, he lives with his mother and supports a young son. He has no past criminal record but admits to some prior marijuana smoking. It is incumbent upon the motion judge to make a bona fide determination as to whether this defendant satisfies one or the other of the statutory criteria for conditional discharge found in N.J.S.A. 24:21-27, subd. c., and specified *123 above. In so doing, while the court is entitled to consider the prima facie case adduced by the prosecutor in relation to the details of the offense charged, he should also take into account defendant's apparently favorable probation report. He must not weigh against defendant his refusal at this time to enter a plea on the charge.
Reversed and remanded for reconsideration of the motion.