STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
CARL G. SAYKO, DEFENDANT-RESPONDENT.

Argued May 24, 1976—Decided June 28, 1976.

*Mr. Paul A. Massaro,* Assistant Prosecutor, argued the cause for plaintiff-appellant (*Mr. Massaro,* of counsel and on the brief; *Mr. Edward W. McGrath,* Union County Prosecutor, attorney).

*Mr. Robert E. Rochford,* Deputy Attorney General, argued the cause for *amicus curiae* Division of Criminal Justice (*Mr. Rochford,* of counsel and on the brief; *Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Herman W. Kapp* argued the cause for defendant-respondent (*Mr. Richard M. Eaton,* on the brief; *Messrs. Kapp & Finkel,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. This appeal concerns the interpretation and application of section 27 of the New Jersey Controlled Dangerous Substances Act, *N. J. S. A.* 24:21-1 *et seq.,*[1] the same statutory provision involved in *State v. Alston,* 70 *N. J.* 95 (1976) also decided this day.

---

[1] Controlled dangerous substance is defined as a drug, substance or immediate precurser listed in Schedules I through V of Article 2 of the Act.

Defendant Carl G. Sayko pleaded guilty to Count 1 of an indictment which charged him and his sister with possession of Lysergic Acid Diethylamid (L.S.D.), amphetamines and more than 25 grams of marihuana. Upon acceptance of the plea, Count 2 of the indictment charging defendant with possession of the same controlled dangerous substances with intent to distribute was dismissed, as was a disorderly persons complaint.

Defendant then moved to suspend further proceedings and to be admitted to first offender supervisory treatment pursuant to *N. J. S. A.* 24:21–27. However, the trial court denied the motion and imposed a sentence of 364 days in the county jail, which was suspended, and fined defendant $1500. On appeal, the Appellate Division, reversing the judgment of conviction, held that defendant's motion to suspend further proceedings should have been granted and remanded the matter to the trial court for imposition of appropriate terms and conditions of supervisory treatment.

The State's petition for certification was granted. 69 *N. J.* 388 (1976). Also, at the suggestion of this Court, the Attorney General filed an *amicus curiae* brief in this appeal as well as the appeal in *State v. Alston, supra*. We now affirm.

The statutory provision involved is Section 27 of the New Jersey Controlled Dangerous Substances Act. It states:

*N. J. S. A.* 24:21–27  Supervisory treatment for certain first offenses

a. Whenever any person who has not previously been convicted of any offense under the provisions of this act or, subsequent to the effective date of this act, under any law of the United States, this State or of any other state, relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, is charged with or convicted of any offense under subsections 20 a. (1), (2) and (3), and b.,[2] the court upon notice to the prosecutor and subject to subsection c., may on motion of the defendant or the court:

---

[2] The offenses set forth in subsection 20 a. (1), (2) and (3) deal generally with possession of controlled dangerous substances. Subsection 20 b. deals with use or being under the influence of a controlled dangerous substance.

(1) Suspend further proceedings and with the consent of such person after reference to the Controlled Dangerous Substance Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him under supervisory treatment upon such reasonable terms and conditions as it may require; or

(2) After plea of guilt or finding of guilt, and without entering a judgment of conviction, and with the consent of such person after proper reference to the Controlled Dangerous Substances Registry as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law.

b. In no event shall the court require as a term or condition of supervisory treatment under the section, referral to any residential treatment facility for a period exceeding the maximum period of confinement prescribed by law for the offense for which the individual has been charged or convicted, nor shall any term of supervisory treatment imposed under this subsection exceed a period of 3 years. Upon violation of a term or condition of supervisory treatment the court may enter a judgment of conviction and proceed as otherwise provided, or where there has been no plea of guilt or finding of guilt, resume proceedings. Upon fulfillment of the terms and conditions of supervisory treatment the court shall terminate the supervisory treatment and dismiss the proceedings against him. Termination of supervisory treatment and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities, if any, imposed by law upon conviction of a crime or disorderly persons offense but shall be reported by the clerk of the court pursuant to the Controlled Dangerous Substances Registry Act. Termination of supervisory treatment and dismissal under this section may occur only once with respect to any person. Imposition of supervisory treatment under this section shall not be deemed a conviction for the purposes of determining whether a second or subsequent offense has occurred under section 29 of this act or any law of this State.

c. Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:

(1) The defendant's continued presence in the community, or in a civil treatment center or program, will not pose a danger to the community; or

(2) That the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances which he may manifest. [Footnote omitted.]

■ Preliminarily we reaffirm our ruling in the companion case of *State v. Alston, supra,* that admission to

section 27 proceedings is not conditioned on an admission by a defendant, or a showing, of dangerous substance use. While that issue was not specifically raised in this case, we wish to make it perfectly clear that for the reasons set forth by us in *State v. Alston, supra,* an admission or showing of use is not a *sine qua non* of eligibility for section 27 proceedings.

The issue presented in this case is the extent of the discretion vested in a trial court under section 27 in deciding whether to admit a defendant to the statutory proceedings.

In the instant case the trial court denied defendant's motion to suspend further proceedings and admit him to section 27 treatment without a statement of reasons for its ruling. In the colloquy which ensued, however, the trial court expressed concern about the fact that defendant had been living in the same house as his sister and knew that she had eleven marihuana plants and was distributing the substance. It added that defendant knew what was going on and "might have been able to put a stop to it but he obviously didn't" and indicated that this was the reason for denying the motion.

The Appellate Division, concluding that there had been a mistaken exercise of the trial court's discretion, stated:

" " * * * Availability of the proceedings is dependent on the court determining "in its discretion" either that (1) defendant's presence in the community or in a civil treatment center or program will not pose a danger to the community, or (2) the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit defendant by serving to correct any dependence on or use of controlled substances which he may manifest. *N. J. S. A.* 24:21–27, subd. c.' " (quoting from *State v. Pollara,* 130 *N. J. Super.* 119, 121 (App. Div. 1974)).

The Appellate Division concluded that if criminal proceedings were not to be suspended in this case, it would be difficult indeed to conceive of a case in which the available procedure would be appropriate.

The State interprets the Appellate Division opinion as restricting the trial court's "discretion" to application of the

standards set forth in section 27 c. and mandating admission to the program to all first offenders if they meet those standards.

We do not read the Appellate Division holding that narrowly. While it is clear that in a section 27 proceeding the trial court must conclude that the subsection c. standards will be met, the court also has broad discretion, considering all relevant factors and applying the whole person concept,[3] to determine whether such person is otherwise a fit subject for the statutory program. See *State v. Johnson,* 137 *N. J. Super.* 27 (App. Div. 1975). The exercise of this discretion, however, should be supported by a statement of reasons so that a reviewing court will have the opportunity to decide whether the discretion was properly exercised *Cf. State v. McBride,* 66 *N. J.* 577, 580 (1975).

We have reviewed the facts of the instant case and agree with the Appellate Division that defendant should have been admitted to section 27 proceedings. He was a 23-year-old college graduate who had just secured full time employment and was planning to get married. He was a first offender with no prior record of any kind. The only "reason" given by the trial court was that defendant knew what was going on in the apartment and did not attempt to put a stop to his sister's activities.

However, fault is not *per se* a disqualifying factor. Indeed, section 27 comes into play when one is charged with fault. The statute is intended to assist first offenders in turning away from drug involvement before they become too deeply enmeshed and to spare those who successfully respond to the program from the stigma of a criminal record. Weighing all of the factors and applying the whole person concept, we agree with the Appellate Division that defendant's motion pursuant to section 27 should have been granted.

Affirmed.

---

[3]This concept is basic in criminal sentencing, see *State v. Green,* 62 *N. J.* 547, 566–567 (1973), and is equally applicable here.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.