STATE OF NEW JERSEY, PLAINTIFF, v.
FRANK C. OCCHIPINTI, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided September 30, 1977.

*Mr. Frank P. Lucianna,* for defendant (*Messrs. Lucianna, Bierman & Stillman,* attorneys).

*Mr. Carl Rapoport,* Assistant Prosecutor, for the State (*Mr. Roger W. Breslin,* Prosecutor of Bergen County, attorney).

SCHIAFFO, J. S. C. Having been indicted for possession of 0.64 grams of cocaine, defendant makes application for supervisory treatment pursuant to *N. J. S. A.* 24:21–27. On a prior occasion defendant, without pleading to the pending charge, successfully applied for supervisory treatment, to the Paramus Municipal Court, which subsequently granted a conditional discharge pursuant to *N. J. S. A.* 24: 21–27.

The prosecutor argues that since defendant has on a prior occasion been afforded the relief of § 27, the court is without jurisdiction to entertain the pending application.

The defendant contends he has no prior criminal record and therefore is a first offender. He states that the statute does not preclude one who is charged under the statute, but not convicted, from reapplying for § 27 relief. Having never been convicted of any offense, albeit charged, defendant must logically retain his first offender status.

*N. J. S. A.* 24:21–27 states in pertinent part:

Whenever any person who has not previously been convicted of any offense under the provisions of this act, or, subsequent to the effective date of this act, * * *

The provisions of *N. J. S. A.* 24:21–27 permit a defendant to move for the suspension of further proceedings and for admission to a treatment program. First offenders charged with or convicted of any offense, under subsections 20(a)(1), (2), (3) and (b)[1], are eligible for the specific relief as set forth under the statute. The main thrust of the § 27 program is to give first offenders a chance to make a fresh start and to do so without the stigma of a lifelong criminal record. *State v. Alston,* 71 *N. J.* 1, 7 (1976).

---

[1]The offenses enumerated in subsection 20(a)(1), (2) and (3) deal with possession of CDS Subsection 20(b) deals with use or being under the influence of CDS.

A plea of guilty or a conviction is not a prerequisite to suspension of proceedings. See *State v. Roundtree,* 119 *N. J. Super.* 585, 587 (App. Div. 1972). Therefore, one who is merely charged with an offense can avail himself of the § 27 suspension of proceedings relief.

Does a defendant retain his "first offender" status until such time as he is convicted under the act? Defendant argues that such a person may reapply for § 27 relief. This is an illogical and inconsistent position in light of the specific language of the act. This syllogistic reasoning runs contrary to the purposes of the Act, as well as offending one's common sense. The relief afforded pursuant to *N. J. S. A.* 24:21-27 would be abused by the repetitive offender and the doors of the court would soon resemble a turnstile.

We must assume the Legislature intended to speak sensibly, and it did. See *N. J. S. A.* 24:21-27(g), *infra.* "It is axiomatic that a statute will not be construed to lead to absurd results. All rules of construction are subordinate to that obvious proposition." *State v. Provenzano,* 34 *N. J.* 318, 322 (1961).

Statutory construction must turn on the breadth of the objectives of legislation and the common sense of the situation. See *Jersey City Chapter Prop. Owner's, etc., Ass'n. v. City Council,* 55 *N. J.* 86 (1969) ; *San-Lan Builders, Inc. v. Baxendale,* 28 *N. J.* 148, 155 (1958).

In addition, *N. J. S. A.* 24:21-27(b) states in part:

\* \* \* Termination of supervisory treatment and dismissal under this section may occur only once with respect to any person \* \* \*.

The above evidences the Legislature's desire to limit the remedies afforded under the statute, and in light of *State v. Roundtree, supra,* this provision no longer relates solely to supervisory treatment ordered after a conviction. To do so would lead to absurdity and impugn the integrity of the statute. Section 27 relief is designed to give an individual one opportunity before he is stigmatized with a criminal record.

One receiving the benefit of supervisory treatment is deemed to be a first offender, however, only for the purpose of sentencing for a subsequent narcotic offense. See *N. J. S. A.* 24:21–27(b).

The application is denied.