160 N.J. Super. 430 (1978)
390 A.2d 156
THE STATE OF NEW JERSEY
v.
PAUL E. TEITELBAUM, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided June 30, 1978.
*431 Mr. Richard H. Mills for defendant (Messrs. Lautman, Rapson & Henderson, attorneys).
*432 Mr. Charles Russell for the State (Mr. Clinton E. Cronin, Acting Prosecutor of Monmouth County, attorney).
SHEBELL, J.C.C.
Defendant Paul E. Teitelbaum seeks the "conditional discharge" of an indictment charging him with possession of certain controlled dangerous substances, in violation of chapter 21 of Title 24, known as the New Jersey Controlled Dangerous Substances Act (the Act). The application is by motion pursuant to N.J.S.A. 24:21-27, which makes such relief available to
* * * any person who has not previously been convicted of any offense under the provisions of this act or, subsequent to the effective date of this act, under any law of the United States, this State or any other state, relating to narcotic drugs, marihuana, * * *.
The court, as required under the provisions of N.J.S.A. 24:21-27a(1), made reference to the Controlled Dangerous Substance Registry. Defendant's name was not revealed there. The Probation Department interview and the State Bureau of Identification records reveal, however, that defendant was arrested about four months before his eighteenth birthday and charged with "Sale of Narcotics." The records of the Juvenile and Domestic Relations Court reveal that defendant actually was charged in a complaint as a juvenile offender under N.J.S.A. 2A:4-14 which stated that the facts "would constitute a violation of N.J.S.A. 24:21-19a (1) when committed by a person 18 years of age or over." The charge was sustained and he was granted a three months' continuance and fined $100. The charges were then dismissed at the end of the three-month period.
Under subsection (a) of N.J.S.A. 24:21-27, is defendant a person who has previously been convicted of any offense under the provisions of the act or under any law of this State pertaining to narcotic drugs or marijuana? No reported New Jersey case appears to have dealt with the question of whether a prior juvenile drug-related offense disqualifies a *433 defendant from relief under the conditional discharge provisions of Title 24. The Controlled Dangerous Substances Registry Act, N.J.S.A. 26:2G-17 et seq., is not helpful in gathering legislative intent, in that it is silent as to whether or not juvenile drug-related offenses are included. Neither is the term "offense" defined in the New Jersey Controlled Dangerous Substances Act. N.J.S.A. 24:21-2. The use of the term "offense" rather than "crime" leads one to consider whether that distinction was to allow inclusion of juvenile offenses; however, it would appear that such a term was more likely required to encompass disorderly persons offenses.
One of the purposes of the conditional discharge statute is to avoid placing the stigma of a criminal conviction on a first offender where he can benefit from the treatment contemplated by the statute. State v. Alston, 71 N.J. 1 (1976). That purpose is not unlike the intent which can be gathered from the following provisions of N.J.S.A. 2A:4-64 of the Juvenile and Domestic Relations Court Law:
No disposition under this act shall operate to impose any of the civil disabilities ordinarily imposed by virtue of a criminal conviction, nor shall a juvenile be deemed a criminal by reason of such disposition.
The disposition of a case under this act shall not be admissible against the juvenile in any criminal or penal case or proceeding in any other court except for consideration in sentencing. [Emphasis supplied]
The question that necessarily arises is whether the aforesaid provisions of N.J.S.A. 2A:4-64 preclude the court from considering the sustaining of the juvenile drug-related offense as being a previous conviction of an offense under the act or law of this State. If the juvenile offense does not disqualify one who is later charged as an adult under Title 24 from obtaining a conditional discharge, is it not actually giving such a person "two bites at the apple," as the State asserts?
*434 In State v. DiLuzio, 130 N.J. Super. 222 (Law Div., 1974), the court, notwithstanding the "two bites at the apple" argument, found a defendant eligible for conditional discharge where he had been convicted of a drug offense prior to the enactment of the present law, in that the specific language of § 27 of the act limited disqualification of those convicted "under the provisions of this act," or under any law "subsequent to the effective date of this act." The court felt the purposes of the act required such an interpretation.
The present provisions of N.J.S.A. 2A:4-64 are substantially a reenactment of statutes which have been in existence for nearly 50 years. See L. 1929, c. 157, § 16. The Legislature must be presumed to have been aware of such provisions when it drafted N.J.S.A. 24:21-27. If the Legislature did not desire to allow persons who had previously been convicted of a drug-related juvenile offense to avail themselves of the conditional discharge statute, it had it within its power to so state specifically. In the absence of clear language indicating a legislative intent to exclude such persons from being eligible for a conditional discharge, this court will not restrict the broad language of N.J.S.A. 2A:4-64. I find that defendant is eligible for consideration under the conditional discharge statute.
I do not find, however, that the court is precluded from considering the facts surrounding any juvenile drug involvement in its exercise of judicial discretion under N.J.S.A. 24:21-27(c). The court is to determine whether defendant's presence in the community will constitute a danger and whether the terms of probation and/or supervisory treatment will both protect the public and benefit the defendant.
Defendant's prior juvenile offense occurred over four years ago. There is no indication that the present offense involved anything but possession for defendant's own use. This court is in accord with the findings of the Probation Department that defendant's continued presence in the community will not pose a danger and that the terms and conditions of supervisory treatment can be structured to *435 adequately protect the public and benefit defendant pursuant to section (c) of N.J.S.A. 24:21-27.
Defendant is granted a conditional discharge. He is placed on probation for a period of two years. Defendant shall, as a condition of probation, regularly attend the designated outreach center in his community for the purposes of drug abuse monitoring and drug rehabilitation therapy.