167 N.J. Super. 364 (1979)
400 A.2d 877
STATE OF NEW JERSEY, PLAINTIFF,
v.
L.R., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 22, 1979.
*366 Mr. Lewis Seagull for plaintiff, State of New Jersey (Mr. Burrell Ives Humphreys, Prosecutor of Passaic County, attorney).
Mr. Nicholes J. Schuldt III for defendant L.R.
ALTERMAN, J.S.C.
Defendant was found guilty in the municipal court of unlawful possession of marijuana under 25 grams and unlawful use of marijuana. N.J.S.A. 24:21-20(a)(4); N.J.S.A. 24:21-20(b). She thereupon moved to be placed under supervisory treatment pursuant to § 27 of the Controlled Dangerous Substances Act, N.J.S.A. 24:21-1 et seq. The motion was granted.
Contending, however, that the municipal court erred in finding her guilty of the substantive offenses, defendant filed this appeal assertedly pursuant to R. 3:23. In response, the State argues that because the proceedings are suspended during the term of supervision, this court is without jurisdiction to hear the appeal.
The applicable provisions of N.J.S.A. 24:21-27 provide:
a. Whenever any person who has not previously been convicted of any offense under the provision of this act or, subsequent to the effective date of this act, under any law of the United States, this State or of any other state, relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, is charged with or convicted of any offense under subsections 20a. (1) (2) and (3), and b., the court upon notice to the prosecutor and subject to sub-section c., may on motion of the defendant or the court:
(1) Suspend further proceedings and with the consent of such person after reference to the Controlled Dangerous Substance Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him under supervisory treatment upon such reasonable terms and conditions as it may require; or
*367 (2) After plea of guilt or finding of guilt, and without entering a judgment of conviction, and with the consent of such person after proper reference to the Controlled Dangerous Substances Registry as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law.
b. * * * Upon violation of a term or condition of supervisory treatment the court may enter a judgment of conviction and proceed as otherwise provided, or where there has been no plea of guilt or finding of guilt, resume proceedings. Upon fulfillment of the terms and conditions of supervisory treatment the court shall terminate the supervisory treatment and dismiss the proceedings against him. Termination of supervisory treatment and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities, if any, imposed by law upon conviction of a crime or disorderly persons offense but shall be reported by the clerk of the court pursuant to the Controlled Dangerous Substances Registry Act.
The statute clearly treats with two categories: defendants who are placed under supervisory treatment before a plea or finding of guilt, and defendants who are placed under supervisory treatment after a plea or finding of guilt. As to the first category, further proceedings are suspended. As to the second category, the judgment of conviction is withheld. This distinction has little, if any, legal significance and is not always observed. See, e.g., State v. Alston, 71 N.J. 1 (1976); State v. Sayko, 71 N.J. 8 (1976). But for the sake of clarity and accuracy it should be borne in mind that defendant here was placed under supervisory treatment "without entering a judgment of conviction." N.J.S.A. 24:21-27(a)(2).
The issue, then, is whether an appeal may be taken from a court of limited jurisdiction before the entry of a judgment of conviction. It cannot. Appeals of right may not be taken from a "conviction." A "conviction" is merely an intermediate step. It is that stage in a criminal proceeding at which a finding of guilt is made by the court or jury as a result of a trial on the merits or the defendant's entry *368 of plea of guilty. State v. Compton, 28 N.J. Super. 45, 48 (App. Div. 1953).
In criminal or quasi criminal proceedings, appeals of right may be taken only from a "judgment," see, State v. Costagliola, 144 N.J. Super. 589, 594 (Law Div. 1976), or, more properly, from a "judgment of conviction." A "judgment of conviction" is a formal document which includes the defendant's plea, the verdict and the court's sentence. R. 3:21-5; R. 7:4-6(b). The consistency of our relevant procedural rules compels this conclusion.
R. 3:23-2, the rule under which this appeal was filed, allows the "defendant, his legal representative or other person aggrieved by a judgment of conviction" to file a notice of appeal "within ten days after the entry of judgment." The rule conforms with R. 2:3-2 which permits an appeal in a criminal action by the "defendant, his legal representative, or other person aggrieved by the final judgment of conviction entered by the Superior Court * * *."
The notice of appeal from the municipal court must contain "the date of the judgment," R. 3:23-3; the municipal court clerk is required to deliver to the county clerk "the judgment of conviction," R. 3:23-4(a); and if a custodial sentence was imposed the defendant may be admitted to bail where "an appeal from the judgment of conviction has been taken." R. 3:23-5(a). The municipal court judge is authorized to admit the defendant to bail when a sentence is imposed and an "appeal from the judgment of conviction has been taken." R. 7:5-4. Nowhere in our rules is there any suggestion that an appeal of right may be taken merely from a conviction.
The defendant, with the assistance of competent counsel, herself invoked the court's discretion to obtain the benefits afforded by Section 27. If she desired to test the municipal court's findings on the substantive issues, it would have been appropriate for her to permit the entry of judgment and then pursue her appeal. She would not have been *369 precluded from moving for supervisory treatment in the superior court if her appeal were unsuccessful.
If the defendant satisfies the terms and conditions of supervision, she will suffer only the recordation of her name in the Controlled Dangerous Substances Registry, N.J.S.A. 26:2G-17, et seq., and the contingency of its limited disclosure if defendant commits a criminal or quasi criminal offense in the future. N.J.S.A. 26:2G-19(a)(3). With that exception, she suffers no deprivation. The proceedings against her will be dismissed and there will be no record of her conviction.
The defendant is not hereby denied her right to appeal. If she violates the terms and conditions of her supervision, a judgment of conviction will be entered. But until that time her right to appeal is not mature.
The State's motion to dismiss the appeal is granted.