171 N.J. Super. 515 (1979)
410 A.2d 77
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH SANDERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1979.
Decided December 26, 1979.
*516 Before Judges LORA, ANTELL and PRESSLER.
Stanley C. Van Ness, Public Defender, attorney for appellant (H. Richard Chattman, Assistant Deputy Public Defender, on the letter brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondent (Donald S. Coburn, Essex County Prosecutor, of counsel; Mark H. Sobel, Assistant Prosecutor, on the letter brief).
PER CURIAM.
Having pleaded guilty to a charge of possession of heroin, defendant Kenneth Sanders moved for conditional discharge *517 pursuant to N.J.S.A. 24:21-27.[1] The motion was denied and defendant sentenced to a suspended six-month jail sentence and two years probation. Defendant appeals, claiming that the denial constituted a mistaken exercise of discretion.
On a motion for a so-called § 27 disposition the trial judge is required to make a determination as to whether defendant satisfies both the objective standards for conditional release prescribed by N.J.S.A. 24:21-27(a) and the subjective standards prescribed by N.J.S.A. 24:21-27(c), taking into account the details of the offense charged, the probation department report and any other available information. The ultimate obligation of the trial judge after dealing with the prescribed statutory criteria is to determine "whether such person is otherwise a fit subject for the statutory program," an evaluation to be based on "all relevant factors and [by] applying the whole person concept...." State v. Sayko, 71 N.J. 8, 13 (1976). There is obviously a broad discretionary latitude accorded the trial judge in making these subjective evaluations, and accordingly, as mandated by State v. Sayko, "[t]he exercise of this discretion... should be supported by a statement of reasons so that a reviewing court will have the opportunity to decide whether the discretion was properly exercised."
Here no reasons at all were offered by the trial judge for his denial of the motion, making it impossible for us properly to execute our review function. It does appear from the record that defendant meets the objective criteria since he has not previously been convicted of any other narcotics offense or indeed any other offense, and the offense to which he pleaded guilty here is among those statutorily eligible for conditional *518 discharge. As to whether or not defendant meets the subjective criteria, we note that substantial colorability is lent to his claim of qualification for the program by the trial judge's statement of reasons for the suspended jail sentence. That statement recites in full that "[t]his was the defendant's first offense and incarceration would serve no purpose." Nevertheless, on this record we cannot fairly say that the question of eligibility is not subject to reasonable debate. We have no recourse then but to remand to the trial judge for a statement of reasons for his action. On the remand he may in his discretion reconsider the motion and accept such additional materials as the parties may wish to offer.
In remanding to the trial court we point out that the necessity for a statement of reasons for the disposition of this motion is expressly required not only by State v. Sayko, supra, but also by R. 3:29, adopted effective September 1977 and providing in full that
The court shall place on the record the reasons supporting its decision on a motion to dismiss an indictment, accusation or complaint, or on an application for diversion, change or reduction of sentence, or other disposition of a criminal matter.
A properly articulated statement of reasons, particularly in respect of those categories of determinations which are substantially dependent upon the trial judge's exercise of his sound discretion, is an essential element in the administration of criminal justice at the trial level. Not only is it indispensable for meaningful appellate review but also, and perhaps even more significantly, it is that step of the criminal process which is best calculated to inspire the parties and the public at large with the confidence, upon which the concept of judicial legitimacy rests, that courts act deliberately and rationally rather than arbitrarily and intemperately. Finally, the task of articulating reasons performs the highly salutary function of requiring the judge to focus clearly, directly and concisely on the operative facts and *519 applicable law which alone should guide his decision-making process. Compare R. 1:7-4. And see, e.g., Testut v. Testut, 32 N.J. Super. 95, 100 (App.Div. 1954).
The evident purpose of R. 3:29 was to constitute yet another reminder to the trial bench of the breadth and necessity of the statement of reason obligation without having attempted to construct an exhaustive catalogue of specific situations invoking the obligation since such cataloguing inevitably carries the risk of unintended omissions. Thus, R. 3:29 expressly extends to all criminal dispositions the philosophy and procedural requirements of the 1974 rule amendments which mandated a statement of reasons in respect of all sentencing dispositions. See R. 3:21-2, 3:21-4(e) and 3:21-5. And see State v. Tumminello, 70 N.J. 187, 194 (1976), requiring a statement of reasons on disposition of a motion for modification of sentence pursuant to R. 3:21-10; State v. Kirchdoerffer, 156 N.J. Super. 172, 176 (App.Div. 1978), requiring a statement of reasons on disposition of a pretrial intervention motion pursuant to R. 3:28. The signal importance of the due process and public policy considerations underlying R. 3:29 demand that it be meticulously complied with in every case and without exception.
Remand for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] Although defendant's motion was informally made and not on prior notice to the prosecutor, the trial judge, without objection from the prosecutor, overlooked these irregularities and the State does not urge them on this appeal.