THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH D'AMBROSIO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Law Division Somerset County

Decided January 25, 1985.

464

---

*Edward V. Gannon* for defendant-appellant.

*David Christoffersen* for plaintiff-respondent (*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney).

MEREDITH, J.S.C.

The issue presented in this case is the standard to be employed in determining the applicability of a conditional discharge pursuant to *N.J.S.A.* 24:21–27.

On September 13, 1984, defendant was arrested and charged with possession of a controlled dangerous substance, marijuana, in violation of *N.J.S.A.* 24:21–20(a)(4) and with possession of drug paraphernalia in violation of *N.J.S.A.* 24:21–47. Defendant appeared before the Morristown Municipal Court on October 11, 1984 and entered a plea of guilty to both charges. Defendant then moved for a conditional discharge pursuant to *N.J.S.A.* 24:21–27. Defendant stressed the fact that he had no prior involvement with the criminal justice system, was a college graduate with a responsible job, and was not likely to commit another offense.

The court denied the application saying, "The drug problem has become so serious in this area that I adhere to the statute very, very strictly and it seems to be there has to be more compelling reasons than simply that people made a mistake and, therefore, they won't do it again so they should be let off, as it were, with one bite of the apple."

The court went on to state that conditional discharge is inapplicable if there is a knowing violation of the law.

I'm also clear that where people have paraphernalia for the use of drugs that there's a knowing violation of the law and it seems to me that if you have a situation, if you have a situation for a conditional discharge or an application for a conditional discharge where it could be shown that there was an unknowing or unwitting violation of the law by someone who was either trapped or induced or otherwise duped into a violation that conditional discharge is probably the appropriate means to handle it, but where there is a clear and convincing situation where people knowingly possessed, knowingly use drugs, I just don't think a conditional discharge is the proper means for treating that type of person.

The court stated that, absent clear-cut reasons, its discretion should not be exercised to grant a conditional discharge. Defendant was then sentenced to a $150 fine; $25 court costs; $25 to the Violent Crimes Compensation Board and 15 days community service.

Defendant now appeals to the Superior Court claiming that the trial court abused its discretion and articulated an incorrect standard for determining conditional discharge applications. This court agrees and grants defendant's application for a conditional discharge.

The Conditional Discharge Statute, *N.J.S.A.* 24:21-27, provides in pertinent part:

a. Whenever any person who has not previously been convicted of any offense under the provisions of this act or, subsequent to the effective date of this act, under any law of the United States, this State or any other state, relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, is charged with or convicted of any offense under section 20 (C. 24:21-20), the court, upon notice to the prosecutor and subject to subsection c. of this section may on motion of the defendant or the court:

(1) Suspend further proceedings and with the consent of such person after reference to the Controlled Dangerous Substances Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him under supervisory treatment upon such reasonable terms and conditions as it may require; or

(2) After plea of guilty or finding of guilt, and without entering a judgment of conviction, and with the consent of such person after proper reference to the Controlled Dangerous Substances Registry as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law.

. . . .

c. Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:

(1) The defendant's continued presence in the community, or in a civil treatment center or program, will not pose a danger to the community; or

(2) That the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances with he may manifest.

The main purpose of the statute is directed at the rehabilitation of users of controlled dangerous substances. *State v. Alston,* 71 *N.J.* 1, 5 (1976). Another goal is "to avoid placing the stigma of a criminal conviction on a first offender if that person can be freed from whatever drug involvement he or she may have." *Id.* at 6. The Legislature intended to allow a drug user the opportunity for treatment of his problem rather

than immediately processing him through the criminal justice network. *State v. Sanders,* 169 *N.J.Super.* 596, 601 (Law Div.1979); *see also State v. Teitelbaum,* 160 *N.J.Super.* 430 (Law Div.1978); *State v. Banks,* 157 *N.J.Super.* 442 (Law Div.1978); *State v. Costagliola,* 144 *N.J.Super.* 589 (Law Div. 1976).

On a motion for conditional discharge, the court must determine that defendant satisfies both the objective standards of *N.J.S.A.* 24:21–27(a) and the subjective standards of *N.J.S.A.* 24:21–27(c). *See State v. Sanders,* 171 *N.J.Super.* 515, 517 (App.Div.1979). Objectively, it must be established that (1) defendant has not previously been convicted of any narcotics offense; (2) defendant is charged with an offense within *N.J. S.A.* 24:21–20; and (3) defendant consents to placement supervisory treatment. Subjectively, the court must be satisfied that defendant's continued presence in the community will not pose a danger and supervisory treatment will protect the public and defendant. "The court has broad discretion, considering all relevant factors and applying the whole person concept." *State v. Sayko,* 71 *N.J.* 8, 13 (1976).

An independent review of the record, as is required on a trial *de novo,* see *R.* 3:23–8(a), leads to the conclusion that this defendant should have been admitted to Section 27 proceedings. He was a first offender who plead guilty to charges of possession of marijuana under 25 grams and possession of drug paraphrenalia. Defendant is a 22-year-old college graduate who is currently employed. There is no indication that his continued presence in the community would in any way present a danger.

The trial court denied defendant's application for Section 27 proceedings on the grounds that defendant was a "knowing violator" of the statute and was thus ineligible absent "clear cut" reasons. This court is somewhat disturbed at the trial court's interpretation of the statute. Apparently the trial court is acting under the mistaken impression that defendant bears the burden of affirmatively showing he did not knowingly

commit the offense charged. This is clearly wrong. As our Supreme Court stated in *State v. Sayko*, "fault is not a *per se* disqualifying factor. Indeed, Section 27 comes into play when one is charged with fault." 71 *N.J.* at 13.

As in the instant case, defendant in *Sayko* applied for conditional discharge, which was denied on the grounds that defendant "knew what was going on" and didn't put a stop to it. The Supreme Court affirmed the appellate court reversal of this decision. While the Supreme Court recognized the broad discretion allowed to trial courts in this area, it held that a defendant cannot be barred from a conditional discharge solely on the grounds of fault. *Id.* at 13.

The trial court improperly denied defendant's application on the basis of fault and wrongfully placed the affirmative burden on defendant to show compelling reasons for the application. This court holds that *Sayko* is controlling. Defendant's motion is granted and he will be placed under supervisory treatment.