STATE OF NEW JERSEY, PLAINTIFF, v. HAROLD
GRAY, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided July 3, 1986.

*Raymond J. Zeltner* for plaintiff (*John H. Stamler,* Union County Prosecutor, attorney).

*James B. Daniels* for defendant (*S. David Levy,* Deputy Public Defender of Union County, attorney).

MENZA, J.S.C.

Defendant pled guilty on the same day to two indictments, each of which charged defendant with the crimes of possession of CDS, occurring on separate dates. Defendant now moves this court for a conditional discharge from both charges.

The conditional discharge statute, *N.J.S.A.* 24:21–27a, provides:

> Whenever any person who has not previously been convicted of any offense under the provisions of this act ... is charged with or convicted of any offense under ... 24:21–20, the court ... may ...
>
> . . . .
>
> (2) After plea of guilty or finding of guilty ... place him on supervisory treatment....

The State objects to the granting of a conditional discharge on both of the charges, arguing that defendant may only receive the benefit of the statute for one of the offenses, but not for both.

The question presented is whether a defendant is eligible for a conditional discharge when he enters simultaneous pleas to separate offenses, each of which occurred on a different date.

It is axiomatic that in construing the application of a statute, a court should look first to the plain meaning of the words used in the statute in order to determine legislative intent. *DeHart v. Bambrick,* 177 *N.J.Super.* 541 (App.Div.1981). The words, "not previously been convicted," do not lend themselves to interpretation. They have a clear and plain meaning which evince the legislative intent that only those persons who have previously been convicted will be ineligible for diversion. There is little doubt that if the Legislature had intended to exclude persons who have committed a previous offense, as well as persons who have a previous conviction, it would have said so. It is well settled that in the determination of legislative intent, the court should assume that the Legislature was aware of prior judicial construction given to certain words and phrases when it adopted the statute. *State v. McCormick,* 104 *N.J.L.* 288 (Sup.Ct.1928). The word "offense" and the word "conviction," along with the impact and effect of those words when used in a statute, have regularly been the subject of judicial analysis. *See State v. McCall,* 14 *N.J.* 538 (1954) (analyzing the Legislature's use of the words "convicted" and "offense" in construing the application of the former habitual criminal statute); *see also State v. Deckert,* 69 *N.J.Super.* 105 (1961) (holding that the change in the wording of the drunk driving statute [*N.J.S.A.* 39:4–50] from "conviction" to "violation" evinced legislative intent to expand application of enhanced penalty). It is clear, therefore, that when the Legislature used the words "previous conviction" in the conditional discharge statute, its intention was to limit ineligibility to only those persons who have been previously convicted of a prior offense under the drug laws. Defendant in this case does not have such a prior conviction. At best, his simultaneous pleas can be characterized as simultaneous convictions, see *State v. Comp-*

*ton*, 28 *N.J.Super.* 45, 48 (App.Div.1953), neither of which could possibly be considered as being prior to the other.

The case of *State v. Anderson*, 186 *N.J.Super.* 174 (App.Div. 1982), aff'd 93 *N.J.* 14 (1983), which dealt with a statute containing similar language, is supportive of this conclusion. In that case, the court addressed the question of whether an enhanced penalty must be imposed under the sex offender statute (*N.J.S.A.* 2C:14–6) which provides for an enhanced penalty when "a person is convicted of a second or subsequent offense." In *Anderson, supra,* defendant entered simultaneous pleas to separate offenses which had occurred on different dates. The court held that the imposition of an enhanced penalty was not appropriate because the statute embraced only chronologically sequential convictions, and not convictions entered simultaneously.

■■ The conclusion that a conditional discharge is available to defendants with multiple offenses does not rest on the statutory language alone. In construing a statute, one must keep in mind its purpose and attempt to construe the statute in accordance with that purpose. *N.J. Builders, Owners & Managers Ass'n. v. Blair,* 60 *N.J.* 330, 338 (1972). The purpose of the conditional discharge statute is to avoid placing the stigma of a criminal conviction on an offender, as well as to afford him an opportunity to be rehabilitated. *State v. Alston,* 71 *N.J.* 1 (1976). In this regard, it is similar to the purpose which forms the basis of the pretrial intervention program (*N.J.S.A.* 2C:43–12 *et seq.; R.* 3:28). Under the pretrial intervention program, a defendant may be eligible for admission into the program even if he has committed multiple offenses, and even where he has been previously convicted. (*See R.* 3:28, Guideline 3(e): "[D]efendants who have been previously convicted of a criminal offense *should ordinarily* be excluded"; emphasis supplied). Under the circumstances logic would dictate that if the purpose of both statutes is similar, and if the pretrial intervention statute permits the enrollment of persons with more than one

offense, as well as the enrollment of those who have been previously convicted, that it would be absurd, as well as unfair, to interpret the conditional discharge statute as excluding a defendant who has entered simultaneous pleas to drug offenses occurring on different dates.

The court must emphasize that this is defendant's first time before the court. In this respect, it differs from the factual patterns of other cases which have denied access to the diversionary programs where a person has experienced a prior diversion. *State v. Occhipinti,* 153 *N.J.Super.* 62 (Law Div. 1977) (denying the relief of *N.J.S.A.* 24:21–27 where defendant has already received the benefit of the statute); *State v. Sharp,* 208 *N.J.Super.* 496 (App.Div.1986) (prior enrollment in a pretrial intervention program barred consideration for conditional discharge). The denials in these cases were premised on the fact that the offender had already been given the opportunity to reform. In the instant case, defendant has not been afforded the opportunity.

Finally, it is to be noted that the sentencing philosophy of this State is that punishment should fit the crime. Simply stated, defendant should receive his "just deserts." *State v. Yarbough,* 100 *N.J.* 627 (1985). What then does defendant deserve in this case?

Defendant in this case is 22 years old. Prior to 1986, he had no prior criminal involvement, either as a juvenile or as an adult. In February 1986, he was convicted of two disorderly offenses on the municipal level. The instant offenses occurred in February and April 1986. He has had, to use a colloquialism, "a bad year." He is, nevertheless, a fit and suitable candidate for supervisory treatment. He unquestionably meets the criteria for conditional discharge. Justice demands that he be afforded the opportunity.

Defendant is placed on supervisory treatment for a period of three years.