STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. HAROLD GRAY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 28, 1987—Decided February 26, 1987.

Before Judges FURMAN and SHEBELL.

*John H. Stamler,* Union County Prosecutor, for appellant (*Steven J. Kaflowitz,* Assistant Prosecutor, of counsel and on the letter brief).

*Alfred A. Slocum,* Public Defender, for respondent (*Edward P. Hannigan,* Assistant Deputy Public Defender, of counsel and on the letter brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

The State appeals on leave granted, the diversion of defendant, Harold Gray, over the objection of the State, to conditional discharge status pursuant to *N.J.S.A.* 24:21–27 on two possessory drug guilty pleas.

The defendant was seen by police on February 5, 1986 on a street in Elizabeth to have his hand outstretched towards another person. Upon his observing an unmarked police unit, defendant dropped his hand and closed it into a fist. He was arrested after it was discovered that he was holding four plastic vials with red tops containing a white substance suspect-

ed to be cocaine—"crack." According to the police report included in the State's appendix to its brief, he was arrested at that time for possession of cocaine with intent to distribute. A search of his pants pockets revealed a ziplock bag containing a white powder suspected to be CDS and two $20 bills. On May 27, 1986 he was indicted for simple possession of cocaine in connection with this incident.

On April 12, 1986, approximately nine weeks after his first apprehension, he was again arrested after being found in possession of cocaine in "crack" form. On June 3, 1986 an accusation was filed relating to that incident charging him with possession of cocaine. On that same day defendant entered guilty pleas to both the indictment and the accusation in accordance with a plea bargain. Under the agreement the State agreed to recommend that the sentences on each crime run concurrently with each other and that the sentences be probationary terms with all conditions of probation available to the court. This was understood to mean that the defendant would be subject to up to 364 days in the county jail as a condition of his probationary terms.

When defendant appeared for sentencing the court *sua sponte* raised the possibility of defendant's being entitled to § 27 treatment. The court asked the attorneys to supply briefs on the issue and to appear on a later date. While the transcript of the later proceedings on July 3, 1986 refers to a motion for § 27 disposition, the court minutes do not note the filing of any formal motion in either case and we have not been supplied with copies of the motions. The written opinion of the trial court states that the "[d]efendant now moves this court for a conditional discharge from both charges." *State v. Gray,* 212 *N.J.Super.* 714, 715 (Law Div.1986).

The State urges that the Law Division judge erred in ruling that defendant was eligible for diversion under *N.J.S.A.* 24:21–27 for two separate drug offenses, committed at separate times, noting that it was only fortuitous that defendant pled

guilty to both at the same time and was appearing for sentencing for both on the same date. The applicable statutory provision is as follows:

Whenever any person *who has not previously been convicted of any offense under the provisions of this act* or, ... under any law of the United States, this State or any other state, relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, is charged with or convicted of any offense under section 20 of P.L. 1970, c. 226 (C. 24:21–20), the court, upon notice to the prosecutor and subject to subsection c. of this section, may on motion of the defendant or the court:

(1) Suspend further proceedings and with the consent of such person after reference to the State Bureau of Identification criminal history record information files, place him under supervisory treatment upon such reasonable terms and conditions as it may require; or

(2) After plea of guilty or finding of guilty, and without entering a judgment of conviction, and with the consent of such person after proper reference to the State Bureau of Identification criminal history record information files, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law. [*N.J.S.A.* 24:21–27 a (emphasis ours)].

Subsection c of *N.J.S.A.* 24:21–27 further provides:

Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:

(1) The defendant's continued presence in the community, or in a civil treatment center or program, will not pose a danger to the community; or

(2) That the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances which he may manifest.

The State further emphasizes that subsection b of the conditional discharge statute provides in part:

Termination of supervisory treatment and dismissal under this section may occur only once with respect to any person. [*N.J.S.A.* 24:21–27 b].

The State concludes that to permit the defendant to "exploit ambiguous language in the statute to obtain a ... conditional discharge ... [after] having twice violated the drug laws ..., makes a mockery of the Legislature's intent and the firm policy of this State against drug abuse, as well as exalting a technically feasible reading of the language of the statute over the animating objective of the legislation, ..." citing *State v. Occhipinti*, 153 *N.J.Super.* 62 (Law Div.1977).

There is logic to the State's argument that it is no more than happenstance that the defendant was permitted to plead to both offenses at the same time and to appear for sentencing on both charges on the same date. Undoubtedly, if the State had not proceeded pursuant to the plea bargain with an accusation on the second offense prior to defendant's plea and sentencing on the indictment on the earlier crime, defendant would have been ineligible under the plain language of § 27 as he would have previously been convicted of "... [an] offense under the provisions of this act...." On the other hand, it is just as aptly stated that if the Legislature did not desire to allow persons in such a situation "to avail themselves of the conditional discharge statute, it had it within its power to so state specifically." *State v. Teitelbaum,* 160 *N.J.Super.* 430, 434 (Law Div. 1978). It may also be argued, however, that the Legislature has specifically said that one who has previously been convicted of a drug offense cannot be granted a conditional discharge and that if it meant to include the requirement that there also be sentencing and appeal on that conviction they would have said so. At the same time, our courts have not generally considered one to have been subject to a conviction until after sentencing and the opportunity to appeal. *See State v. Biegenwald,* 97 *N.J.* 666 (1984); *State v. Blue,* 129 *N.J.Super.* 8, 11 (App.Div.), certif. den. 66 *N.J.* 328 (1974); *N.J.S.A.* 2A:81–12.

Lest we get ensnarled in an endless morass of countervailing tools for interpreting legislative intent without availing our search for the truth, we look again to the language of the statute wherein it states "previously been convicted" and note, as did the Law Division, that in circumstances such as those presented in this case the convictions are best regarded as emanating from "simultaneous pleas [and] can be characterized as simultaneous convictions...." *Gray,* 212 *N.J.Super.* at 716.

We are cognizant that diversion by suspension of proceedings under § 27 differs substantially from admission to pretrial intervention under the Supreme Court's rules and guidelines. *R.* 3:28; *N.J.S.A.* 2C:43–12 to 22. Under PTI guideline 3(e),

diversion is unquestionably available to a repeat offender; however, where the "criminal history includes a conviction or convictions of a serious nature [, a defendant] should ordinarily be excluded. Defendants charged with more than one offense may be enrolled." *See State v. Collins,* 180 *N.J.Super.* 190, 196 (App.Div.1981), aff'd 90 *N.J.* 449 (1982).

We are satisfied that considering the desirable legislative goals envisioned by *N.J.S.A.* 24:21–27 those persons who are to be declared ineligible for consideration should be limited to those expressly excluded by a strict interpretation of the statutory language of § 27. We therefore declare defendant to be eligible for consideration for diversion by suspension of proceedings under § 27 for the two offenses.

The mere fact that a defendant may be eligible for such consideration, however, does not automatically entitle the individual to an order granting diversion. 180 *N.J.Super.* at 195. *N.J.S.A.* 24:21–27 c establishes standards to control the judge's discretion in granting diversion. The court must be satisfied that the defendant's continued presence in the community, or in a civil treatment center or program will not pose a danger to the community or that the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances which he may manifest.

The prosecutor throughout this matter has relied on the disqualifying provisions of § 27 in opposing the court's granting defendant diversionary treatment. Insufficient attention has been focused on the standards for granting diversion to an otherwise eligible defendant. Careful attention must be given to the facts and circumstances of defendant's crimes. The police report of the first offense reflects an opinion by the arresting officer that he was observing an attempt by the defendant to distribute "crack," a dangerous form of cocaine. This is compounded by the fact that defendant's apprehension did not deter him from again possessing such a dangerous drug

only nine weeks thereafter. Further, even when defendant appeared before the court in July there was no indication he made any attempt to rehabilitate himself or enter any voluntary drug program during the preceding six months. It is not sufficient to merely state that the defendant has had a "bad year" and thereby excuse his conduct without regard to the consequences to the community. This defendant may well be found to have displayed a callous and flagrant disregard for the law and the judicial system. He had already entered the judicial system after his arrest in February as it appears he was on bail when his subsequent offense was committed.

We are constrained on these facts to reverse the two orders granting diversion under § 27 and to remand to the Law Division with our marked admonition that full consideration be given to application of the requisite standards for granting diversion. The proceeding should include a plenary hearing as to the facts of each offense if the State deems it appropriate and necessary to proceed in that manner.

Reversed and remanded.