135 N.J. Super. 211 (1975)
343 A.2d 103
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL BATTAGLIA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1975.
Decided June 17, 1975.
*212 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Michael R. Rubino, Jr., Assistant Prosecutor argued the cause for the appellant (Joseph C. Woodcock, Jr., Prosecutor of Bergen County, attorney).
*213 John J. Baldino argued the cause for the respondent (Calissi, Klinger, Cuccio & Baldino, attorneys).
The opinion of the court was delivered by ALLCORN, J.A.D.
By the adoption of N.J.S.A. 24:21-27 the Legislature authorized the establishment of the suspension procedure for qualifying individuals charged with certain offenses under the Controlled Dangerous Substances Act, N.J.S.A. 24:21-1 et seq. That same section delineated the limits within which the suspension procedure might be used.
In language that is clear and unambiguous, eligibility for the suspension procedure is restricted to those persons "charged with or convicted of any offense under subsections 20a. (1), (2) and (3), and b." N.J.S.A. 24:21-27. The cited subsections, N.J.S.A. 24:21-20(a). (1), (2), (3) and (b), proscribe only simple possession, use or being under the influence of the controlled dangerous substances therein specified. Plainly, therefore, the suspension procedure is not available except in the case of first offenders charged with one or more of the three enumerated offenses  and a trial judge is completely without the authority to enlarge the suspension procedure to embrace other offenses such as possession with intent to distribute controlled dangerous substances, prohibited by N.J.S.A. 24:21-19, or conspiracy to possess and distribute controlled dangerous substances under N.J.S.A. 2A:98-1.
Consequently where, as here, a defendant has been charged in three counts of a single indictment with (1) conspiracy to possess and distribute marijuana, (2) possession of marijuana and (3) possession with intent to distribute marijuana (the quantity of marijuana reportedly approximating 12 pounds), the trial court may not entertain or grant an application for the suspension of proceedings under N.J.S.A. 24:21-27 as to any one or more of the charges, including the charge of simple possession, before the disposition of *214 all of the charges. If, after disposition of all the charges, the defendant stands convicted only of the charge of simple possession, he would be eligible at that time to make an application for a suspension of proceedings as permitted by the cited section. By this means both the letter and the intent of the suspension procedure are met and observed.
Accordingly, the order of the Law Division of December 4, 1974 suspending "all further proceedings [on all counts of] Indictment S-544-74," is reversed and set aside in its entirety, and the cause is remanded to the Law Division for further proceedings not inconsistent herewith