169 N.J. Super. 596 (1979)
405 A.2d 453
STATE OF NEW JERSEY, PLAINTIFF,
v.
HENRY W. SANDERS, JR., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided May 4, 1979.
*598 Mr. Frank F. Neutze, Jr., Assistant Prosecutor, for plaintiff State of New Jersey (Mr. John B. Mariano, Camden County Prosecutor, attorney).
Mr. Philip J. Iapalucci for defendant (Messrs. Iapalucci and Honig, attorneys).
WEINBERG, J.S.C.
Defendant was indicted and charged with obtaining a controlled dangerous substance, in violation of N.J.S.A. 24:21-22(a) (3). He allegedly obtained Percodan pursuant to forged prescription blanks, from September 1976 to February 1977. He has never been convicted of a drug-related offense and presents this motion requesting a conditional discharge and suspension of proceedings.
Defendant, a Camden City policeman, was injured while on duty during the riots of August 1971 when he was struck on the head by a bottle. As a result of injuries received he has been hospitalized on four separate occasions and ultimately retired on disability. The Percodan was allegedly obtained to alleviate defendant's pain and suffering related to these injuries.
Conditional discharge and suspension of proceedings applies by the express words of the statute, N.J.S.A. 24:21-27, to certain first offenders of use or possession of controlled dangerous substances. The suspension of proceedings statute N.J.S.A. 24:21-27 enumerates specific offenses of use and possession as enumerated in § 20(a)(1), (2) and (3), and 20(b). It is not applicable to the more serious offenses of sale, distribution and manufacturing, in accordance with the legislative policy to differentiate the degree of criminal activity.
*599 The State opposes this motion, arguing that the pending charge does not fall within those enumerated offenses for which a suspension of proceedings is specifically available.
Defendant argues his request is within the scope of State v. Di Luzio, 130 N.J. Super. 222 (Law Div. 1974), wherein the State objected to the suspension of proceedings respecting a charge of possession of narcotics implements, with the argument that the offense was not specifically enumerated within § 20(a)(1), (2) and (3) and 20(b) of the Controlled Dangerous Substances Act. Among other things, the court allowed the suspension of municipal court proceedings respecting the paraphernalia charge. It held the enumeration of offenses in the suspension of proceedings provision not to be flatly exclusive, prohibiting suspension or discharge of any and all other drug-related offenses. "Rather the specification [of offenses was] designed to prohibit suspension where [the more serious offenses of] sale or distribution [are] charged." Di Luzio, supra at 230.
To the contrary, it is argued by the prosecutor that State v. Battaglia, 135 N.J. Super. 211 (App. Div. 1975), limits the availability of suspension proceedings to persons charged with simple possession, use or being under the influence of a controlled dangerous substance. In Battaglia the Appellate Division reversed a suspension of proceedings under a three-count indictment charging (1) conspiracy to possess and distribute marijuana, (2) possession of marijuana and (3) possession with intent to distribute marijuana.
This court is of the opinion that the decision prohibiting suspension of proceedings where there are distribution-related offenses pending (State v. Battaglia, supra) is entirely in accord with the interpretation of the suspension provision enunciated in State v. Di Luzio, supra. It is a rational legislative goal to seek to deter and more severely punish the more dangerous and insidious enterprises of selling and distributing narcotics and other drugs. This goal is facilitated by permitting the suspension of proceedings when the charge is possession of controlled dangerous substance *600 paraphernalia or obtaining CDS by means of forged prescriptions. The rehabilitative goal of the suspension provision was meant to provide a drug user with the opportunity for treatment of his problem rather than being immediately processed through the criminal justice network with the creation of a criminal record provided he is otherwise statutorily qualified. This diversionary treatment-oriented provision should have no applicability to the drug dealer or illicit manufacturer. This court is without authority to grant a suspension of proceedings for distribution-related offenses which the Legislature more severely condemns and punishes.
In this present matter defendant is charged with obtaining a controlled dangerous substance (Percodan), in violation of N.J.S.A. 24:21-22(a)(3), an offense considered by the Legislature to be deserving of less severe punishment than mere possession or use of Percodan. The potential maximum sentence upon conviction is imprisonment for not more than three years, N.J.S.A. 24:21-22(b). The potential sentence upon a conviction of possession of Percodan, a Schedule II substance as listed by the State Commissioner of Health in N.J.A.C. 8:65-10.2(b) may range between a maximum of five years or seven years of imprisonment, depending upon the quality and quantity of the substance possessed. Those defendants charged under the more serious offense of possession of Percodan are eligible to seek suspension of proceedings and conditional discharge under the express designation of § 20(a) (1) or (2) within the suspension statute. There is no reason in public policy or on any other grounds to deny a suspension of proceedings application for an offense which the Legislature determines is deserving of less punishment. The rehabilitative goal of supervision during the suspension of proceedings applies with equal if not greater force to a lesser controlled dangerous substance offense. There is no indication whatsoever that the present offense charged is in any way connected to any element of sale or distribution. This defendant, charged with *601 obtaining a controlled dangerous substance by forgery, should be granted a suspension of proceedings and a conditional discharge if otherwise qualified.
It is interesting to note that this court and other courts throughout this State have granted suspension of proceedings and conditional discharges respecting persons charged with possession of marijuana, although this offense, by way of an omission of a statutory cross-reference, does not expressly come within N.J.S.A. 24:21-27. State v. Costagliola, 144 N.J. Super. 590 (Law Div. 1975). The offenses of unlawful possession of marijuana were previously designated within N.J.S.A. 24:21-20(a)(3) and was one of those offenses enumerated in N.J.S.A. 24:21-27. As § 20 reads following a 1975 amendment, unlawful possession of marijuana is now a violation punishable under N.J.S.A. 24:21-20(a) (4). Section 20(a) (4) is not enumerated within the suspension of proceedings statute. Of course, the new § 20 (a) (4) was a change of numerical designation only. This court has always understood it to be the Legislature's intent to allow suspension and discharge proceedings for simple possession of marijuana charges. Yet, pending an addition of corresponding cross-reference to § 20(a) (4) within § 27, there is no current, express statutory authority in § 27 to grant a suspension of proceedings or conditional discharge for possession of marijuana. Our courts however, relying on the prior express inclusion and the evident legislative policy, have seen fit to grant such motions for charges of simple possession of marijuana that have recently been of less and less punitive concern.
Since the amendment of the suspension of proceedings and conditional discharge, L. 1971, c. 3, § 11, it has been the intention of the Legislature to allow such motions for offenders involved with the more dangerous substances listed in Schedules I through VI, N.J.S.A. 24:21-5 through 24:21-8.1. Therefore, it must be within the intent of the Legislature to allow for suspension of proceedings and conditional *602 discharge of lesser offenses that do not involve any drug activity other than personal use.
This defendant being charged with obtaining a controlled dangerous substance by means of a forged prescription is entitled to a suspension of proceedings and a conditional discharge if otherwise qualified within N.J.S.A. 24:21-27.
This court finds defendant is otherwise statutorily qualified and his counsel may submit an order consonant with this opinion.