respect was highly speculative. We discern no error in the trial judge's refusal to submit the issue to the jury.

Lastly, we find that the trial judge's instructions with respect to damages in the wrongful death action fully comported with the principles enunciated in *Green v. Bittner, supra.* Again, we need not address each of plaintiffs' separate contentions in that respect. Suffice it to say, the judge's instructions, read in their entirety, adequately apprised the jury of the applicable principles of law. We perceive no error in that regard.

IV

Accordingly, the judgment of the Law Division is affirmed in all respects.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ERVIN REINHARDT, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 3, 1986—Decided June 25, 1986.

Before Judges ANTELL, MUIR and ASHBEY.

*Thomas S. Smith, Jr.,* Acting Public Defender, for appellant (*Robert D. Clarke* of counsel).

*W. Cary Edwards*, Attorney General of New Jersey, for respondent (*Darryl W. Simpkins*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

ANTELL, P.J.A.D.

On January 28, 1983 a car occupied by defendant Reinhardt as a passenger and driven by codefendant Brunnel Ross was stopped on the New Jersey Turnpike by a New Jersey State trooper. The officer then took from the front seat a bag containing 26 glassine envelopes containing approximately 35.-55 grams of heroin. Ross and Reinhardt were thereafter indicted in one count for possession of heroin, contrary to *N.J.S.A.* 24:21–20a(1), and in a second count for possession of heroin with intent to distribute, contrary to *N.J.S.A.* 24:21–19a(1). From the record it appears that although the heroin belonged to Ross defendant knew of its presence in the car and had access to it if he wanted some. On March 28, 1984, pursuant to a plea bargain, defendant conceded his "knowing, conscious possession with the right to exercise dominion thereover." Under the terms of the plea bargain the State agreed to recommend dismissal of the second count of the indictment charging possession with intent to distribute.

Defendant appeared for sentencing before the court on May 16, 1984. Supported by the recommendation of the probation department he then moved that further criminal proceedings be suspended and that he be placed on supervisory treatment pursuant to *N.J.S.A.* 24:21–27a(2). The foregoing statute authorizes such action "[a]fter plea of guilty or finding of guilty, and without entering a judgment of conviction...." Conceiving that under *State v. Battaglia*, 135 *N.J.Super.* 211 (App.Div. 1975), he was precluded from entertaining the application for supervisory treatment "before the disposition of all of the charges," *Id.* at 213–214, namely the still open charge of possession with intent to distribute, the trial judge denied defendant's motion and sentenced him to serve two years

probation, pay a fine of $700 and a $25 penalty to the Violent Crimes Compensation Board. Defendant appeals from the denial of his application for supervisory treatment.

■ The benefits of *N.J.S.A.* 24:21–27 are limited only to cases where the defendant is charged with or convicted of simple possession, use, or being under the influence, of certain controlled dangerous substances. They are not available in the case of other offenses such as possession with intent to distribute. *State v. Battaglia, supra,* 135 *N.J.Super.* at 213. In response to defendant's appeal the State argues that technically the charge of possession with intent to distribute still remains open despite the State's commitment to recommend its dismissal and, under *Battaglia,* precludes the grant of supervisory treatment. The State further argues that the quantity of heroin seized, 35.55 grams, is sufficiently suggestive of an intent to distribute as to merit denial of the relief requested by defendant. Finally, the State maintains that defendant understood that the plea bargain was structured as it was for the specific purpose of foreclosing defendant from eligibility for supervisory treatment.

■ Unfortunately, the facts before the court in *State v. Battaglia, supra,* were not recited in that decision so that we are unable to say whether it constitutes a determination that a plea to a charge of possession accompanied by the prosecutor's commitment to recommend dismissal of a separate charge of possession with intent to distribute is a disposition of all the charges. In our view, where a prosecutor declares his intention as part of a plea bargain to recommend dismissal of the latter charge the fact that the charge is still technically open at the time of sentencing ordinarily should not render a defendant ineligible for treatment under the statute. Once the State formally commits itself to forego the more serious prosecution, in return for which the defendant pleads guilty to a lesser

offense, the fact that the charge is not yet dismissed at the time of sentencing and that the proofs would support the finding of an intent to distribute is no longer relevant to the question of eligibility and the charges must be considered fully disposed of within the meaning of *Battaglia.*

Our attention, however, centers on the State's contention that the form of the plea bargain was deliberately patterned so that defendant would not be eligible for supervisory treatment and that defendant understood that such was the case. We are satisfied from our examination of the record that the prosecutor acted in the understandable belief that, under the broad language of *Battaglia,* by deferring dismissal of the second count until after sentencing, defendant would be barred from relief under *N.J.S.A.* 24:21–27. But it is not clear that this understanding was shared by defendant who, as we have said, was entitled to have his application considered absent a knowing and intelligent waiver of his rights under the statute. In view thereof, we grant the defendant leave to move before the trial court within 20 days from the date hereof to vacate his plea and sentence upon a showing that he did not understand the intent of the plea bargain to be that he should be ineligible for supervisory treatment under *N.J.S.A.* 24:21–27a(2). Should the motion be granted the parties will be free either to negotiate a new understanding as to the plea or proceed to trial on both counts of the indictment. Thereafter,

> [i]f after disposition of all the charges, the defendant stands convicted only of the charge of simple possession, he would be eligible at that time to make an application for a suspension of proceedings as permitted by the cited section [*N.J.S.A.* 24:21–27]. By this means both the letter and the intent of the suspension procedure are met and observed. [*State v. Battaglia, supra,* at 214].

Should defendant choose not to avail himself of the relief provided for herein the action under review will remain undisturbed.

Remanded with leave granted to defendant to vacate his plea and sentence based thereon within 20 days from the date hereof.