STATE OF NEW JERSEY, PLAINTIFF, v. MYRA A. CHANLY, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided June 23, 1987.

---

[3] $100 for Mr. Nickerson should be divided equally between Dr. Herbert L. Glatt and Dr. Marc Roberts, and $100 for Mr. Batts should be divided equally among Dr. Herbert L. Glatt, Dr. Marc Roberts, Dr. Harold Lippman and Dr. Frank Riccioli.

Nicholas L. Bissell, Jr., Prosecutor of Somerset County, Kathleen P. Holly, Assistant Prosecutor for State.

Neil M. Cohen, for defendant (Gill & Cohen, attorneys).

IMBRIANI, J.S.C.

This is a motion to suspend proceedings under N.J.S.A. 24:21–27 of the Dangerous Substances Control Act, generally described as a Section 27 proceeding. The defendant was charged with Attempting to Obtain a Controlled Dangerous Substance (Seconal) by Misrepresentation, in violation of N.J.S.A. 24:21–24a and 24:21–22a(3), and Possession of a Controlled Dangerous Substance (Cocaine), in violation of N.J.S.A. 24:21–20a(1).

On December, 5, 1986 the defendant went to a drug store and attempted to fill a prescription for Seconal and when the pharmacist called the doctor to confirm the prescription, he was advised it was forged. The police were called and when they arrived the defendant was arrested and advised of her Miranda rights. She was subsequently searched and among the items taken from her person were three glass vials containing cocaine.

N.J.S.A. 24:21–27 provides, in part, as follows:

Whenever any person who has not previously been convicted of any offense under the provisions of this act or, subsequent to the effective date of this act, under any law of the United States, this State or of any other state, relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, is charged with or convicted of any offense under Section 20 of P.L.1970, c. 226 (C. 24:21–20), the court, upon notice to the prosecutor and subject to subsection

c. of this section, may on motion of the defendant or the court: (1) Suspend further proceedings and ... place him under supervisory treatment ..." (emphasis supplied)

The defendant has not previously been convicted of any drug offense and the State does not dispute her eligibility for suspended proceedings on the second count charging possession of cocaine, but it does dispute her eligibility on the first count which charges an attempt to obtain Seconal by misrepresentation.

The State argues that suspended proceedings are available only for persons charged with an offense under Section 20 of the Dangerous Substances Control Law *N.J.S.A.* 24:21-1, et seq. And since the offense charged in the first count is not a Section 20 offense, but rather is an offense proscribed by Sections 22 and 24 of said statute, the defendant does not qualify.

Defendant relies upon two cases: *State v. DiLuzio,* 130 *N.J.Super.* 222 (Law Div.1974) and *State v. Sanders,* 169 *N.J.Super.* 596 (Law Div.1979), both trial court decisions, which are not binding upon this court but which are entitled to great deference. The issue has never been addressed by an Appellate Court.

In *DiLuzio* the defendant was charged with possession of heroin, in violation of *N.J.S.A.* 24:21–20, and possession of narcotic implements, in violation of *N.J.S.A.* 24:21–47. The court acknowledged that possession of narcotic implements is not a Section 20 offense, but, nonetheless, held that since the "possession of narcotic implements is a natural consequence of the use of heroin" (at 229) it would be "illogical and inconsistent" to "prohibit suspension because defendant is charged with possession of implements to inject that heroin ... [especially] given the legislative purpose not to saddle a first offender with a criminal record where obvious rehabilitative potential exists" (at 230). However, *N.J.S.A.* 24:21–27 does not say that its purpose is to provide for suspension of proceedings for *all* first offenders of drug offenses where the rehabilitative potential

exists, nor does it say that any offense which is the natural consequence of the use or possession of those drugs enumerated in *N.J.S.A.* 24:21–20 is eligible for suspended proceedings, but specifically limits the use of suspended proceedings to only those offenses proscribed by Section 20. And, clearly, the possession of narcotic implements is proscribed by Section 47, not Section 20 of said Act.

In *Sanders* the defendant was charged with obtaining Percodan by use of a forged prescription in violation of *N.J.S.A.* 24:21–22a(3). Again, we are dealing with an offense proscribed not by Section 20, but by Section 22. The court acknowledged that this was not a Section 20 offense but, nonetheless, awarded the defendant suspended proceedings because "[t]here is no reason in public policy or on any other grounds to deny the suspension of proceedings application for an offense which the Legislature determines is deserving of less punishment" (at 600) than that which may be imposed upon a defendant convicted of a Section 20 offense. Some Section 20 offenses subject the offender to five years imprisonment, see *N.J.S.A.* 24:21–20a(1) and (4), and another to seven years imprisonment. See *N.J.S.A.* 24:21–20a(2). A violation of *N.J.S.A.* 24:21–22a(3) is punishable by imprisonment of only up to three years. Thus, the court concluded it would be logical to extent the privileges of suspended proceedings to those drug offenses which are punishable by a less severe sentence. But that is not what the statute says.

In both cases, the court went beyond the black letter law of the statute and imposed what it believed a a fair and reasonable extension of the law. And it may well be that if the Legislature were to address this issue they would agree. But that is not a prerogative of a trial court. If the Legislature intended to focus upon punishment, as asserted in *Sanders*, it could very easily have said that all offenses of the drug law for which a maximum term of imprisonment shall be say, five years or less, shall be eligible for suspended proceedings. But it didn't say that. Or, if the Legislature believed that any offense which can

reasonably be anticipated to occur during or prior to the commission of a Section 20 offense (as the possession of narcotic implements with which to inject heroin) it could have easily said that. But it didn't say that either. The fact of the matter is that the Legislature very clearly limited the use of suspended proceedings to only those offenses specifically proscribed by Section 20. And any attempt to expand the type of drug offenses eligible for suspended proceedings goes beyond the statute and implicates a legislative, not a judicial, function.

While the court appreciates the concerns of the court in both *DiLuzio* and *Sanders,* we cannot substitute ourselves for the Legislature and must apply only the statute which has been adopted. Therefore, we respectfully decline to follow *DiLuzio* and *Sanders.* Moreover, even if this court did agree with the holding of those cases, i.e., that the statute should be read more expansively than does this court, we would, nonetheless, comment that, unlike *Sanders* which sanctioned suspended proceedings in a case involving the use of a forged prescription, we would refuse to do so in any case involving misrepresentation or forgery.

The defendant is not entitled to suspend proceedings pursuant to *N.J.S.A.* 24:21–47 and the motion is denied.