261 N.J. Super. 401 (1992)
619 A.2d 228
JESSE THARPE, PLAINTIFF-APPELLANT,
v.
CITY OF NEWARK POLICE DEPARTMENT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 1992.
Decided December 24, 1992.
*402 Before Judges BILDER, BAIME and WALLACE.
A.J. Fusco, Jr., attorney for appellant (Mr. Fusco, on the letter-brief).
Michelle Hollar-Gregory, Corporation Counsel, attorney for respondent City of Newark (James E. Walker, Assistant Corporation Counsel, on the letter-brief).
Robert J. Del Tufo, Attorney General, attorney for respondent Merit System Board (Joseph L. Yannotti, Assistant Attorney General, of counsel; Michael S. Bokar, Senior Deputy Attorney General, on the brief).
*403 The opinion of the court was delivered by BAIME, J.A.D.
The issue presented is whether an arrest unsupported by a conviction disqualifies an individual from obtaining employment as a police officer. Jesse Tharpe appeals from the decision of the Merit System Board, removing him from the eligibility list for the title of police officer. The Board concluded that Tharpe's arrest seven years earlier for possession of a small amount of marijuana, a disorderly persons offense under N.J.S.A. 24:21-20a(4), for which he was later conditionally discharged pursuant to N.J.S.A. 24:21-27, barred him from employment for that position. Tharpe contends that the Board failed to give adequate consideration to the de minimis nature of his involvement in the possession offense and to his subsequent unblemished record. We reverse the Board's determination and remand for reconsideration.
The facts are not in dispute. On August 10, 1988, the Department of Personnel certified a list of individuals eligible for the position of police officer in the City of Newark. Tharpe, whose name appeared on the certified list, was advised that a decision respecting his application would be made in due course. However, on January 24, 1990, the City requested removal of Tharpe's name because of his arrest record.
Tharpe appealed to the Department. Included in Tharpe's documentary submissions were two letters explaining the circumstances of his arrest in October 1983. Tharpe recounted that he and three friends were returning in his car from a basketball game in New York when he was stopped by the police. Tharpe asserted that upon noticing the patrol car, one of his friends removed a bag of marijuana from his pocket and placed it on the floorboard. All four occupants of the vehicle were arrested.
It is undisputed that Tharpe was later found not guilty of being under the influence of marijuana under N.J.S.A. 24:21-20b. In addition, he pleaded not guilty to possession of marijuana and was conditionally discharged pursuant to N.J.S.A. *404 24:21-27. The possession charge was later dismissed after Tharpe successfully completed his participation in a supervisory treatment program. Despite this information, the Department's Assistant Regional Administrator denied Tharpe's appeal, erroneously finding that he had been convicted of a crime.
Tharpe then appealed to the Director of County and Municipal Government Services. On August 13, 1990, the Director sustained the City's removal of Tharpe's name from the eligibility list. While noting that Tharpe had not been convicted of a crime, the Director emphasized that the appointing authority had the right to consider his conditional discharge "in evaluating the applicant's eligibility for a law enforcement position."
Tharpe appealed the Director's decision to the Merit System Board. On March 7, 1991, the Board sustained the Director's action. The Board noted that a conditional discharge is not a conviction, but may be considered in determining an applicant's qualifications. Without making specific findings, the Board concluded that a conditional discharge for possession of a controlled dangerous substance "relate[d] adversely to the unique position held by a police officer." This appeal followed.
The applicable statutes are contained in the 1986 reform of the Civil Service Act. For the selection and appointment of civil service employees, the Commissioner of Personnel must administer examinations that fairly test the "knowledge, skills and abilities" required to perform the task of a given job classification. N.J.S.A. 11A:4-1(a). On the basis of such tests, the Commissioner establishes an "eligibility list" from which an appointing authority must make selections. N.J.S.A. 11A:4-5.
The eligibility lists are not sacrosanct. An applicant's name may be removed for a variety of reasons. For example, a criminal conviction may be found to "adversely relate[] to the employment sought," in which case the Commissioner may strike the applicant's name from the list. N.J.S.A. 11A:4-11. Although we are not concerned here with a conviction for a crime, we quote the statute verbatim.

*405 Upon the request of an appointing authority, the commissioner may remove an eligible with a criminal record from a list when the criminal record includes a conviction for a crime which adversely relates to the employment sought. The following factors may be considered in such determination:
a. Nature and seriousness of the crime;
b. Circumstances under which the crime occurred;
c. Date of the crime and age of the eligible when the crime was committed;
d. Whether the crime was an isolated event; and
e. Evidence of rehabilitation.
The presentation to an appointing authority of a pardon or expungement shall prohibit an appointing authority from rejecting an eligible based on such criminal conviction, except for law enforcement, fire fighter or correction officer and other titles as determined by the commissioner. (emphasis supplied).

[N.J.S.A. 11A:4-11].
The Act contains no similar provision dealing with an applicant's arrest unsupported by a conviction. The only section bearing on the subject is N.J.S.A. 11A:4-10, which provides that an applicant "for a law enforcement, fire fighter or correction officer title may ... be questioned as to an arrest." This statute is augmented by an implementing regulation which, among other things, authorizes the Department to remove an applicant's name from an eligibility list for "other sufficient reasons." N.J.A.C. 4A:4-6.1. The Board has historically construed this regulation as allowing an appointing authority to consider an applicant's arrest in determining his qualifications for law enforcement or fire fighter civil service positions.
We do not quarrel with the Board's long-standing interpretation of its powers. See Service Armament Co. v. Hyland, 70 N.J. 550, 561, 362 A.2d 13 (1976); Pringle v. N.J. Dept. of Civil Service, 45 N.J. 329, 333-34, 212 A.2d 360 (1965); Lloyd v. Vermeulen, 22 N.J. 200, 210, 125 A.2d 393 (1956); State Department of Civil Service v. Clark, 15 N.J. 334, 341, 104 A.2d 685 (1954). It is apparent to us that the Legislature, by enacting N.J.S.A. 11A:4-10 and by authorizing the promulgation of necessary implementing regulations in N.J.S.A. 11A:2-6(d), envisioned circumstances under which an applicant *406 for a law enforcement or fire fighter position could be disqualified on the basis that he or she had merely been arrested rather than convicted of a crime. The regulation which permits disqualification for "other sufficient reasons" is rooted in the statute and authorizes the removal of an applicant's name based upon his arrest record, at least where he or she seeks employment as a law enforcement officer or a fire fighter.
It is equally clear, however, that the fact of an arrest, standing alone, may have no persuasive force in assessing an applicant's qualifications. For example, an arrest may be based on a misidentification or predicated upon a wholly incorrect apprehension of the relevant facts. In a similar vein, an arrest may relate to a comparatively trivial matter and may constitute an isolated event in an otherwise unblemished life. Clearly, the circumstances surrounding the arrest and other factors should be considered in determining whether an applicant's name ought to be removed from an eligibility list.
An arrest may warrant the removal of an applicant's name particularly where the position sought involves enforcement or administration of the law, but the relevant circumstances should be carefully considered. The appropriate inquiry should be whether the circumstances surrounding the arrest "adversely relate[] to the employment sought." N.J.S.A. 11A:4-11. This is the statutory standard applicable when considering the impact of criminal convictions on public employment and it is equally amenable to the related question concerning the effect of an arrest on the applicant's qualifications. Surely, an arrest should have no greater disabling effect than does a criminal conviction. In both cases, consideration should be given to the nature and seriousness of the offense charged, the surrounding circumstances, the date of the offense and the individual's age at the time, whether the offense alleged was an isolated incident, and any evidence of rehabilitation. See N.J.S.A. 11A:4-11.
*407 Applying these principles, we find that the Board did not articulate its reasons for removing Tharpe's name from the eligibility list with sufficient specificity. The Board's statement that Tharpe's conditional discharge "relates adversely to the unique position as a police officer" is wholly conclusory. The conditional discharge provision contained in the Controlled Dangerous Substance Act (N.J.S.A. 24:21-1 through -53) was repealed when the Legislature enacted the Comprehensive Drug Reform Act of 1986 (N.J.S.A. 2C:35-1 through -23). It now appears in N.J.S.A. 2C:36A-1. We note that conditional discharge for first offenders under N.J.S.A. 24:21-27, now N.J.S.A. 2C:36A-1, is not limited to those addicted to drugs. "[P]rospective users, early stage users or experimenters, though not necessarily requiring the type of supervisory treatment called for where regular use or addiction is involved," may be granted diversion from the criminal justice system. State v. Alston, 71 N.J. 1, 5-6, 362 A.2d 545 (1976). One of the purposes of diversion is to avoid placing the stigma of a criminal conviction on a first offender who might be rehabilitated. Id. at 6, 362 A.2d 545. In that context, "the Legislature must be deemed to have intended that a prospective user or early stage user or experimenter would be no less entitled to the benefits of [conditional discharge]." Ibid. The point to be stressed is that Tharpe's participation in a conditional discharge program does not necessarily indicate that he was addicted to drugs or that he was a user at all.
Of course, we express no view with respect to the ultimate result to be reached in this case. Instead, our concern is with the failure of the Board to state its reasons with sufficient particularity. See Matter of Vey, 124 N.J. 534, 544, 591 A.2d 1333 (1991); Van Holten Group v. Elizabethtown Water Co., 121 N.J. 48, 67, 577 A.2d 829 (1990). Other than the Board's conclusory statement noted previously, we cannot determine whether the agency fairly considered the circumstances surrounding Tharpe's arrest within the context of the factors we have identified. We repeat that administrative agencies must *408 articulate the standards and principles that govern their discretionary decisions in as much detail as possible.
Under these circumstances, the interests of justice militate in favor of remanding this matter for reconsideration in light of the principles we have cited. We have no occasion to determine whether the present record is sufficient to decide the factual issue presented. If either party wishes to present additional evidence relating to the factors we have identified, the question should be presented to the Board for its consideration. We are confident that either after submission of supplementary evidence on this issue or additional fact-findings based on the current record, the Board will be in a position to effectively resolve this dispute.
Accordingly, the determination of the Board is reversed and the matter is remanded for further proceedings consistent with this opinion.