512

902 A.2d 283

IN THE MATTER OF J.B., POLICE OFFICER
(S9999D), HIGHLANDS BOROUGH.[1]

Superior Court of New Jersey
Appellate Division

Submitted June 13, 2006—Decided July 18, 2006.

---

[1] We have changed the caption to use initials in light of the expungement of the record of appellant's arrest.

Before Judges STERN, A.A. RODRÍGUEZ and FALL.

*McLaughlin Gelson,* attorneys for appellant (*Richard J. Shaklee,* of counsel and on the brief).

*Zulima V. Farber,* Attorney General, attorney for respondent the New Jersey Merit System Board (*Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Andrea R. Grundfest,* Deputy Attorney General, on the statement in lieu of brief).

*Apruzzese, McDermott, Mastro & Murphy,* attorneys for respondent Borough of Highlands (*Robert J. Merryman,* of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Appellant, J.B., appeals from a final administrative determination of the Merit System Board which affirmed the removal of his name from the eligible list for the position of police officer in Highlands Borough. The Board rejected appellant's procedural

and substantive claims, and based its decision "on the totality of his background, including the falsification of his academic record, his arrest one and one-half years before having his name certified, and his discipline as a volunteer fire fighter."

We reject appellant's attack on the procedure utilized in considering his appeal from the initial determination of the Department of Personnel. The Board considered all facts relevant to the issue of eligibility and the Borough's request for removal of appellant from the list of eligibles. Furthermore, appellant ultimately received all the documentation presented to the Department of Personnel and had an adequate opportunity to respond.

With respect to the impact of appellant's arrest, the Board recognized appellant's contention that "the charges were downgraded to the disorderly persons offense of simple assault," that "he had the arrest expunged," that "his arrest occurred when he was [nineteen] years old" and that "this was his only arrest." However, the Board found significant the fact that appellant did not "explain the circumstances surrounding his arrest, which occurred only one and one-half years before his name was certified for the [] position" and that he provided no "evidence of rehabilitation."

The Board referred to our opinion in *Tharpe v. City of Newark Police Dep't*, 261 *N.J.Super.* 401, 619 *A.*2d 228 (App.Div.1992), for the proposition "the presentation to an appointing authority of a pardon or expungement shall prohibit an appointing authority from rejecting an eligible based on such criminal conviction, except for law enforcement, fire fighter or correction officer and other titles as determined by the Commissioner."

In *Tharpe* we noted that an arrest "standing alone, may have no persuasive force in assessing an applicant's qualifications," but "may [nevertheless] warrant the removal of an appellant's name particularly where the position sought involves enforcement or administration of the law." 261 *N.J.Super.* at 406, 619 *A.*2d 228. We further stated that "the relevant circumstances should be carefully considered" in terms of "whether the circumstances

surrounding the arrest 'adversely relate[] to the employment sought.' " *Ibid.* (alteration in original) (citing *N.J.S.A.* 11A:4–11). *Tharpe* relied on *N.J.S.A.* 11A:4–10 and *N.J.S.A.* 11A:4–11, and concluded that someone arrested could not be worse off than someone convicted of a crime.

*N.J.S.A.* 11A:4–10 provides:

Eligibles may be questioned as to criminal convictions and pending criminal charges. Eligibles for a law enforcement, fire fighter or correction officer title may also be questioned as to any arrest.

*N.J.S.A.* 11A:4–11 provides:

Upon the request of an appointing authority, the commissioner may remove an eligible with a criminal record from a list when the criminal record includes a conviction for a crime which adversely relates to the employment sought. The following factors may be considered in such determination:

a.  Nature and seriousness of the crime;

b.  Circumstances under which the crime

occurred;

c.  Date of the crime and age of the eligible when the crime was committed;

d.  Whether the crime was an isolated event; and

e.  Evidence of rehabilitation.

The presentation to an appointing authority of a pardon or expungement shall prohibit an appointing authority from rejecting an eligible based on such criminal conviction, except for law enforcement, fire fighter or correction officer and other titles as determined by the commissioner.

█ Here, we are not dealing with a "criminal conviction." In fact, we are not dealing with a "conviction" at all. To the contrary, it is undisputed that "[o]n May 6, 2002, the charge was dismissed by the Ocean Township Municipal Court," and the arrest record was subsequently expunged. As the expungement dealt with an arrest and there was no "criminal conviction," we must consider whether the Board could consider the expunged arrest. *See N.J.S.A.* 2C:52–6, –27; *see also N.J.S.A.* 2C:1–4 (defining "crime").

█ *N.J.S.A.* 2C:52–27 provides that if an order of expungement is granted, "the arrest, conviction, and any proceeding related thereto shall be deemed not to have occurred and the petitioner may answer any questions relating to their occurrence

accordingly." However, *N.J.S.A.* 2C:52–27(c) requires revelation of expunged records "by a petitioner seeking employment . . . with [] law enforcement . . . and such information shall continue to provide a disability as otherwise provided by law."[2] Hence, reading *N.J.S.A.* 2C:52–27(c) together with *N.J.S.A.* 11A:4–11, an expunged conviction can be considered with respect to hiring an individual for a law enforcement position, and reading *N.J.S.A.* 2C:52–27(c) and *N.J.S.A.* 11A:4–10 together, an expunged arrest record can be considered, but the applicant can be no worse off than had he been convicted. The Board must consider the fact of expungement and its remedial purpose, and generally apply the principle of *Tharpe*. Thus:

> The appropriate inquiry should be whether the circumstances surrounding the arrest "adversely relate[] to the employment sought." *N.J.S.A.* 11A:4–11. This is the statutory standard applicable when considering the impact of criminal convictions on public employment and it is equally amenable to the related question concerning the effect of an arrest on the applicant's qualifications. Surely, an arrest should have no greater disabling effect than does a criminal conviction. In both cases, consideration should be given to the nature and seriousness of the offense charged, the surrounding circumstances, the date of the offense and the individual's age at the time, whether the offense alleged was an isolated incident, and any evidence of rehabilitation. *See N.J.S.A.* 11A:4–11.
>
> [*Tharpe, supra,* 261 *N.J.Super.* at 406, 619 *A.*2d 228.]

These factors must also include consideration of the policy behind an expungement, *see In re T.P.D.,* 314 *N.J.Super.* 643, 648, 715 *A.*2d 1048 (Law Div.1997), *aff'd o.b.,* 314 *N.J.Super.* 535, 715 *A.*2d 994 (App.Div.1998), and the fact of expungement itself, and the Board must express why expungement of a mere arrest[3] should not control in the circumstances. The equivalent of "evidence of rehabilitation" is supplied in these circumstances by the foundation for the expungement. *See N.J.S.A.* 2C:52–3; *N.J.S.A.* 2C:52–8; *N.J.S.A.* 2C:52–13.

---

[2] The parties do not refer to *N.J.S.A.* 2C:52–27 nor to *N.J.S.A.* 11:4A–10. Nor does appellant challenge *N.J.A.C.* 4A:4–4.7 which implements *N.J.S.A.* 11A:4–11 by reference to "a criminal record."

[3] *N.J.S.A.* 11A:4–11 talks only of the expungement of a "criminal conviction."

Accordingly, we must remand the matter for further consideration by the Board, particularly because it found significant that, notwithstanding the expungement, appellant did not provide "evidence of rehabilitation."

The other reasons for decertification may or may not lead the Board to the same result, even if the Board does not consider the arrest. We do not pass upon whether such action would be justified and upheld under our limited scope of review. *See In re Taylor*, 158 *N.J.* 644, 657, 731 *A.2d* 35 (1999); *Karins v. City of Atlantic City*, 152 *N.J.* 532, 540, 706 *A.2d* 706 (1998).

The matter is remanded to the Merit System Board for further proceedings consistent with this opinion. We do not retain jurisdiction.