**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2356-16T2

IN THE MATTER OF E.B.,
SHERIFF'S OFFICER (S9999R),
ESSEX COUNTY.

_____

Submitted October 30, 2018 – Decided December 18, 2018

Before Judges Gilson and Natali.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-17.

Law Offices of Daniel J. Zirrith, LLC, attorneys for appellant (Daniel J. Zirrith, of counsel and on the briefs; Edward H. Kerwin, on the briefs).

Courtney M. Gaccione, County Counsel, attorney for respondent Essex County Sheriff's Office (Robin E. Magrath, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant E.B.[1] appeals from a December 22, 2016 final administrative action of the Civil Service Commission (Commission) upholding his removal from a list of eligible candidates for a position as a sheriff's officer. We affirm because the Commission's decision was not arbitrary, capricious, or unreasonable and was supported by substantial, credible evidence in the record.

I

Appellant applied for employment as an Essex County Sheriff's Officer. He took the open competitive examination, achieved a passing score, and, in 2014, was placed on the eligibility list. Following a pre-employment investigation, the Essex County Sheriff's Office (ECSO) requested that appellant be removed from the eligibility list because it believed he had made false statements on his application and because of appellant's criminal history.

ECSO asserted that three of appellant's responses on his application were false. Two of the questions asked if appellant had previously been arrested or fingerprinted. The third question asked if any judgments had been entered against appellant. Appellant responded that he had not been arrested, he had

---

[1] We use initials to protect appellant's privacy interests because the issues raised on appeal involve a discussion of his criminal record.

been fingerprinted in connection with a prior application to be a sheriff's officer, and "N/A" concerning judgments.

A background check, however, revealed that appellant had been arrested and fingerprinted twice on charges of simple assault. His wife had also obtained four domestic violence temporary restraining orders (TROs) against appellant. The assault charges and all of the TROs were subsequently dismissed. The background check also disclosed that seventeen judgments had been filed against appellant.

On September 1, 2015, appellant was notified that he was removed from the eligibility list because he had made false statements on his application. He administratively appealed his removal to the Commission. That administrative appeal was first considered by the Commission's Division of Agency Services, which upheld his removal on June 7, 2016. Appellant then appealed to the Commission, which also upheld his removal in a final agency decision issued on December 22, 2016.

Before the Commission, appellant contended that his answers on his application were truthful. He asserted that he had responded "no" to the question about arrests because he did not think that the domestic violence charges were criminal charges within the meaning of the question. Moreover, he pointed out

that he did disclose the TROs and arrests for assaults in response to other questions. He maintained that he correctly answered that he had been fingerprinted in connection with his previous application to be a sheriff's officer and he assumed that ECSO would realize that he had been fingerprinted when he was arrested. With regard to the question about judgments, appellant stated that he believed the question was asking about outstanding and unpaid judgments. He then contended that at the time that he submitted his application, he did not have any outstanding and unpaid judgments.

Appellant also addressed his criminal record during his administrative appeal to the Commission. He contended that his two arrests and four TROs were all based on disputes with his wife and he pointed out that all the charges and TROs had been dismissed. He also submitted a certification from his wife, who stated that appellant was innocent. Appellant also noted that he had served in the Air Force Reserve for over twenty years, had been deployed six times to the Middle East, and had received numerous awards and decorations for his services.

After considering the record and appellant's arguments, the Commission upheld his removal from the list of eligible candidates because the Commission found that he had an unsatisfactory background for the position as a sheriff's

A-2356-16T2

officer. Specifically, the Commission found that appellant's "multiple adverse encounters with law enforcement and the court system demonstrate his disregard of the law." The Commission considered appellant's arguments concerning his criminal record, but the Commission also reasoned that "it cannot be ignored that appellant engaged in behavior where his wife felt compelled to file TROs on three separate occasions between 1995 through 1999." The Commission then pointed out that the fourth incident, which occurred in 2010, was witnessed by a third party. Finally, the Commission noted that the fifth incident, which occurred in 2012, involved his wife calling the police and the police arresting appellant for assault. Thus, the Commission found a sufficient basis to uphold appellant's removal from the eligibility list for a position as a sheriff's officer. The Commission noted that it need not decide the issue of falsification of his application because it was upholding appellant's removal from the list on alternative grounds.

II

Appellant appeals the Commission's final agency decision and argues (1) he should be restored to the eligibility list because he was not convicted on the charges for which he was arrested and because all the TROs were dismissed;

A-2356-16T2

and (2) he did not make a false statement of any material fact on his application. We are not persuaded by these arguments.

Our scope of review of a final administrative agency decision is limited. In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 443 (App. Div. 2015) (citing In re Carter, 191 N.J. 474, 482 (2007)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007).

The Civil Service Act authorizes the Commission to remove a person from an eligibility list when that person has a criminal record, including "a conviction for a crime which adversely relates to the employment sought." N.J.S.A. 11A:4-11; see also N.J.A.C. 4A:4-4.7(a)(4) (which are the regulations implementing the Act). The statute and the regulations provide that the Commission may consider the following factors in determining whether to remove a person from the eligibility list based on a criminal record:

      a.     Nature and seriousness of the crime;

      b.     Circumstances under which the crime occurred;

      c.     Date of the crime and age of the eligible when the crime was committed;

      d.     Whether the crime was an isolated event; and

e.     Evidence of rehabilitation.

[N.J.S.A. 11A:4-11; see also N.J.A.C. 4A:4-4.7(a)(4).]

We have held that an arrest unsupported by a conviction can disqualify an individual from obtaining employment in law enforcement so long as the determination is made by looking at the totality of the circumstances surrounding the arrest and how they adversely relate to the employment sought. Tharpe v. City of Newark Police Dept., 261 N.J. Super. 401, 405-06 (App. Div. 1992).

The Commission may also remove a person's name from the eligibility list for other sufficient reasons. See N.J.A.C. 4A:4-4.7(a)(1) and N.J.A.C. 4A:4-6.1(a)(9). In removing a person from the eligibility list for other sufficient reasons, the Commission can consider the person's criminal background in conjunction with the nature of the employment sought and determine that that person is not eligible for appointment. Tharpe, 261 N.J. Super. at 405-06.

Here, the Commission evaluated the evidence in the record and determined that appellant's removal from the eligibility list was warranted. We discern no abuse of discretion in the Commission's determination that appellant's two arrests and multiple temporary restraining orders were sufficient reason to find that he was not suitable for a position as a sheriff's officer. The Commission

7

considered appellant's claim that he was innocent and that his wife was emotional when she brought the charges against him. The Commission, however, found that appellant's arrests and multiple charges of domestic violence made him unsuitable for the position of a sheriff's officer. The record contains substantial, credible evidence supporting the Commission's decision and we discern no basis to find that the Commission acted arbitrarily, capriciously, or unreasonably.

We also note that this is not a situation where the Commission did not fully consider appellant's position. Although ECSO had sought appellant's removal on the basis of his filing false responses on his application during the administrative appeal, appellant's criminal record was also at issue. Indeed, before the Commission, appellant addressed his criminal record and pointed out that all the charges and restraining orders were dismissed. Consequently, this is not a situation where the Commission did not fully consider appellant's contentions regarding his criminal record. Instead, the record reflects that the Commission appropriately considered appellant's criminal record in light of the governing legal standard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2356-16T2