**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6013-17T3

IN THE MATTER OF
MUHAMMED OJIBARA
FIRE FIGHTER (M1540T),
IRVINGTON.

_____

Submitted December 18, 2019 – Decided January 9, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-2920.

Eldridge T. Hawkins, attorney for appellant Muhammed Ojibara.

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Donna Sue Arons, Assistant Attorney General, of counsel; Beau Charles Wilson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Muhammed Ojibara was arrested on three outstanding warrants when he appeared for an interview with the Township of Irvington for a fire fighter position. As a result, the appointing authority removed Ojibara's name

from the fire fighter eligibility list and on July 20, 2018, the Civil Service Commission denied his appeal seeking restoration to the eligibility list. Ojibara challenges the Commission's final agency decision. We affirm.

Ojibara's arrest occurred on September 14, 2016, under N.J.A.C. 16:87-2.2(a)(1) on a 2007 Newark and a 2008 Jersey City warrant for failure or refusal to pay prescribed fare and a 2008 Newark warrant for evading or attempting to evade payment. Ojibara appealed from the appointing authority's decision to remove him from the eligibility list, arguing he did not receive any of the summonses and was not using public transportation at the time of the incidents. He also claimed the Jersey City charge was dismissed and provided proof the Newark charges were dismissed on September 26 and 28, 2016. He argued the appointing authority's background check revealed no arrests or convictions and provided a letter from the State Police to that effect.

In its written decision, the Commission concluded Ojibara's arrest adversely related to his employment pursuant to N.J.S.A. 11A:4-11 and N.J.A.C. 4A:4-4.7(a)(4). The Commission reasoned the documentation Ojibara provided relating to the dismissal of the warrants did not substantiate his claims because the warrants were not dismissed until after his arrest. Additionally, the Commission found Ojibara did not provide evidence to prove his claim—he was

2

not involved in the underlying incidents which led to the issuance of the warrants. The Commission concluded:

> In this matter, [Ojibara's] adverse background information pertaining to the warrants and charges against him, as well as his arrest that occurred in September 2016[,] are relevant to the position sought, as such conduct is indicative of [his] exercise of poor judgment, which is not conducive to the performance of the duties of a [f]ire [f]ighter. . . . [T]he [public] expects [f]ire [f]ighters to present a personal background that exhibits respect for the law and the rules. Accordingly, the appointing authority has presented sufficient cause to remove [Ojibara's] name from the [f]ire [f]ighter Irvington eligibl[ity] list.

Where an agency, such as the Commission, issues a final decision, our review is limited. See Lavezzi v. State, 219 N.J. 163, 172 (2014). We will not disturb the final determination of an agency unless it was "'arbitrary, capricious or unreasonable, or it is not supported by substantial credible evidence in the record as a whole.'" Id. at 171 (quoting Prado v. State, 186 N.J. 413, 427 (2006)). This highly deferential standard reflects the Commission's expertise in administering its legislative authority. In re Stallworth, 208 N.J. 182, 194-95 (2011).

Ojibara argues the Commission exceeded the authority the Legislature granted it. He asserts the New Jersey Constitution prohibits the delegation of legislative authority to an executive agency. He contends a discrimination

complaint he filed in federal court supersedes the Commission's authority to remove him from the eligibility list.

Ojibara's arguments relating to the Commission's authority are legally unsupported. The Legislature expressly granted the Commission authority to "promulgate . . . rules and regulations to effectuate the purposes of [the Civil Service A]ct." N.J.S.A. 11A:4-1.2.

Furthermore, sufficient credible evidence on the record as a whole supports the Commission's decision. R. 2:11-3(e)(1)(D). In matters involving disqualification appeals, an appellant bears the burden of proof to show the agency committed reversible error. N.J.A.C. 4A:4-6.3(b). N.J.A.C. 4A:4-6.1 states "[a] person may be denied . . . appointment [for]: . . . (9) Other sufficient reasons." We stated the Commission "has historically construed this regulation as allowing an appointing authority to consider an applicant's arrest in determining his qualification for . . . fire fighter civil service positions." Tharpe v. City of Newark Police Dep't, 261 N.J. Super. 401, 405 (App. Div. 1992). An arrest may "'warrant the removal of an appellant's name particularly where the position sought involves enforcement or administration of the law.'" In re J.B., 386 N.J. Super. 512, 515 (App. Div. 2006) (quoting Tharpe, 261 N.J. Super. at 406).

4

The Supreme Court has stated fire fighters work closely with police in an "almost symbiotic relationship." Karins v. City of Atlantic City, 152 N.J. 532, 552 (1998). As a result, "[a]ny conduct jeopardizing [such] an excellent working relationship places at risk the citizens of the municipality as well as the men and women of those departments who place their lives on the line on a daily basis." Ibid.

Ojibara demonstrated poor judgment warranting his disqualification for several reasons. He appeared for a job interview with three active warrants for his arrest. The warrants were mailed to his return address, which rebutted his claims he did not receive notice. He provided no support for the claim he did not commit the infractions which led to the issuance of the warrants. The dismissal of the warrants after his arrest did not cure these issues. For these reasons, the Commission's decision was neither arbitrary, capricious nor unreasonable, and was instead supported by the credible evidence.

Ojibara's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6013-17T3