**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2197-21

IN THE MATTER OF ALBERT
GONZALEZ, JR., FIRE FIGHTER
(M1844W), JERSEY CITY.

_____

Submitted January 18, 2024 – Decided March 19, 2024

Before Judges Currier and Firko.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2019-31, 2021-1884, and 2022-831.

Marc Andrew Calello, attorney for appellant.

Brittany Murray, Acting Corporation Counsel, attorney for respondent City of Jersey City (James Brendan Johnston, Supervisory Assistant Corporation Counsel, of counsel and on the brief; Lindiwe N. Ashton, Assistant Corporation Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Nicholas V. Klimowicz, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant appeals from the February 7, 2022, Final Administrative Action (Final Action) of the Civil Service Commission (CSC) denying his motion for reconsideration and upholding his removal from the Jersey City firefighter eligibility list. Appellant was removed from the eligibility list after the review of his background report revealed he was terminated as a police officer from the Jersey City Police Department (JCPD) in 2009 and from another job in 2017. In addition, the report listed arrests in 2009 and 2010. He was convicted of a disorderly persons offense in 2010 and his driving record showed a history of motor vehicle violations and accidents.

Appellant has appealed from the removal three times. The CSC has denied the appeal each time, concluding his "unsatisfactory background" rendered him unsuitable for employment as a Jersey City firefighter. In the second appeal, appellant asserted the matter should be transferred to the Office of Administrative Law (AOL) for a hearing. The CSC declined the request and denied reconsideration of its decision. We affirm.

Plaintiff graduated from the Jersey City Police Academy in December 2006 and began working as a probationary police officer. In February 2007, appellant was arrested for an incident that occurred before he entered the Police Academy (incident), charged in an indictment, and suspended indefinitely from

JCPD pending the outcome of the charges. After the victim involved in the incident recanted his accusation, the indictment was dismissed, and the charges were expunged.

In investigating the matter, JCPD discovered numerous images of appellant on social media displaying what it determined to be gang hand signs and activity. Appellant was charged with administrative violations regarding his conduct surrounding the incident leading to his criminal charges and for the social media posts. After two days of hearings, defendant was found guilty of administrative charges: neglect of duty for failing to notify the department of his knowledge of the incident leading to the criminal charges; lack of truthfulness for denying knowledge of the incident despite being present during the event; conduct unbecoming an officer or neglect of duty; and conduct unbecoming a public employee under N.J.A.C. 4A:2-2.3(a)(6). He was terminated from his employment as a police officer in November 2009. He did not appeal from the decision.

In 2010, Point Pleasant police officers were responding to a verbal dispute at a residence when they found appellant urinating in the bushes outside of the home. Appellant told the officers he was a Jersey City police officer. When asked for identification, appellant produced a "police style wallet" without a

badge or police identification card and told the officers he had worked the previous day, and his badge was still on his shirt. The officers contacted JCPD and learned that appellant had been fired from the department in 2009. Appellant was charged with impersonating an officer. He later "plead[ed] guilty to an amended charge of disorderly conduct and pa[id] a fine."

In October 2016, appellant began working at Amazon. He was terminated from that position the following year. The reasons for the termination are not disclosed in the record.

Thereafter, appellant pursued the process to apply for employment as a Jersey City firefighter. He passed the firefighter examination and was certified on the firefighter eligibility list. However, in January 2018, the JCPD issued a Disqualification Proposal recommending plaintiff's disqualification from the eligibility list due to an unsatisfactory background report and employment history. Thereafter, the Jersey City Department of Public Safety issued a memorandum stating appellant had been rejected from the Civil Service Eligible Appointment for Firefighter Certification. Appellant appealed.

On November 26, 2018, the CSC issued a Final Action finding "appellant ha[d] not presented any argument[s] or information to demonstrate that"

4

defendant City of Jersey City erred in removing his name from the eligibility list. The CSC stated:

> Clearly, . . . appellant's termination in 2009 as a Jersey City Police Officer for concealing information from his superiors and subsequent arrest in 2010 for impersonating a police officer adversely relates to the position of [f]ire [f]ighter as these actions call into question his integrity and trust to work with the general public, the police and other municipal employees as well as his ability to follow orders from his superiors as a [f]ire [f]ighter, which is a position that is crucial to saving lives.

The CSC concluded that Jersey City showed sufficient cause for removing appellant's name from the eligibility list and denied the appeal.

Undeterred, appellant took the firefighter examination again, and was ranked number 243 on the eligibility list. His name was again removed from the list due to the unsatisfactory background report. On appeal, appellant argued the arrest for impersonating a police officer was not "prior adverse behavior" and also "d[id] not rise to the level of an offense" to "disqualify him from becoming a [firefighter]." He also asserted the CSC erred in considering JCPD's disqualification recommendation because "he maintained his innocence throughout the . . . process," the "criminal charges against him were dismissed," and he did not inform his superiors about the events leading to his arrest because he was exercising his Fifth Amendment right to remain silent based on his

A-2197-21

attorney's advice. Appellant requested the matter be transferred to the OAL for a hearing.

On September 24, 2021, the CSC issued a Final Action denying appellant's second appeal and determining the matter did not require a hearing. The CSC found that, although the criminal charges were dismissed and expunged, the administrative charges were sustained and resulted in his termination, and that expunged records can be considered when determining grounds for removal. Further, the CSC noted appellant did not appeal the 2009 termination decision.

The CSC also found that the arrest for impersonating a police officer was an offense that warranted removal because it jeopardized appellant's ability to work with police officers and the public. In addition, the CSC noted appellant had not shown any evidence of rehabilitation.

Appellant filed a request for reconsideration, asserting the matter should be transferred to the OAL because there was a factual dispute regarding the reasons for his termination from JCPD.

On February 7, 2022, the CSC issued a Final Action denying appellant's petition for reconsideration. The CSC found appellant did "not present[] new evidence that would change the outcome" of its determination and he did not demonstrate a clear material error. The CSC stated:

6

Specifically, the only material facts in this case are that [appellant] was removed as a Jersey City Police Officer in November 2009 and he chose not to exercise his right to appeal his discipline to the C[SC] within [twenty] days, he was arrested for impersonating a [p]olice [o]fficer in 2010, which led to him pleading guilty to an amended charge of disorderly conduct and paying a fine, and he was terminated from Amazon less than one year prior to the subject examination closing date. Therefore, [appellant] clearly has an unsatisfactory background to be a [f]ire [f]ighter. Whatever "new" evidence that [appellant] could present at a hearing regarding his claims that his removal and arrest were unjustified is immaterial as he had the opportunity to make these arguments in 2009 and 2010 respectively, but chose not to do so. Instead, he failed to appeal his removal to the C[SC] within [twenty] days as required and he accepted a guilty plea to a lesser offense instead of pleading not guilty. Therefore, the C[SC] will not relitigate these issues that are over a decade old.

The CSC further determined that, even if it did not consider appellant's expunged arrest, the removal from his position as a Jersey City police officer was "based on sustained administrative charges, which he did not appeal." Therefore, his removal from the list was justified irrespective of his allegations of new evidence.

"In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v.

A-2197-21

Rahway State Prison, 81 N.J. 571, 579-80 (1980)). We "owe[] substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007). "However, a reviewing court is '"in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue."'" Allstars Auto Group, Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018) (alteration in original) (quoting Dep't of Child. & Families v. T.B., 207 N.J. 294, 302 (2011)).

On appeal, appellant contends the CSC's denial of his request for a hearing prevented him from producing new evidence or additional information that would have changed the CSC's determination on his petition for reconsideration. We discern no error in the denial of a hearing or in the CSC's final action.

A party requesting reconsideration from an agency decision must establish "(1) [t]he new evidence or additional information not presented at the original proceeding, which would change the outcome and the reasons that such evidence was not presented at the original proceeding; or (2) [t]hat a clear material error has occurred." N.J.A.C. 4A:2-1.6(b).

Appellant did not present any new evidence to support his assertion that a hearing would have changed the outcome of the CSC's determination. The undisputed facts before Jersey City and the CSC were that appellant was found

guilty of administrative charges during his probationary employment as a Jersey City police officer and he was subsequently terminated. He was afforded a hearing prior to the adjudication of those disciplinary charges. He did not appeal from the termination decision. Thereafter, appellant pleaded guilty to disorderly conduct after his arrest for impersonating a police officer. Those were the uncontroverted facts in the background report.

The CSC may remove an individual from a civil service eligibility list for numerous reasons under N.J.A.C. 4A:4-4.7(a), including: "(1) The causes for disqualification listed in N.J.A.C. 4A:4-6.1 . . . . (4) The [individual] has a criminal record that adversely relates to the employment sought. . . . (11) Other valid reasons as determined by the Chairperson or designee." Under N.J.A.C. 4A:4-6.1(a), a candidate may be denied appointment when they: "(5) Ha[ve] been removed from the public service for disciplinary reasons after an opportunity for a hearing . . . . (7) Ha[ve] a prior employment history which relates adversely to the title . . . . (9) Other sufficient reasons."

Under N.J.A.C. 4A:2-1.1(d), an appeal from the removal from an eligibility list will be reviewed on the written record "[e]xcept where a hearing is required by law, this chapter or N.J.A.C. 4A:8, or where the C[SC] finds that a material and controlling dispute of fact exists that can only be resolved by a

9

hearing." Appellant has not articulated any dispute of fact requiring a hearing. As we have stated, "The determination whether such a situation [necessitating a hearing] exists is one committed to the discretion of the [agency], and its decision will be affirmed unless it goes beyond the range of sound judgment." In re Wiggins, 242 N.J. Super. 342, 345 (App. Div. 1990).

In investigating a firefighter candidate's background, the CSC is permitted to consider all arrests, even if expunged. See N.J.A.C. 4A:4-4.7(a)(4)(ii) (stating "[t]he presentation of a pardon or an expungement shall prohibit removal from a list, except for law enforcement, correction officer, correctional police officer, juvenile detention officer, firefighter, or judiciary titles and other titles as the Chairperson or designee may determine" (emphasis added)); see also N.J.S.A. 11A:4-10 ("Eligibles for a . . . . firefighter . . . title may also be questioned as to any arrest.").

In addition, the CSC may consider "the circumstances surrounding the arrest." Tharpe v. City of Newark Police Dep't, 261 N.J. Super. 401, 406 (App. Div. 1992). Therefore, as the CSC noted in its September 24, 2021, Final Action, appellant's "removal from the [JCPD] for disciplinary reasons after an opportunity for a hearing" is sufficient reason alone for removal from the eligibility list under N.J.A.C. 4A:4-6.1(a)(5).

Appellant's disciplinary adjudications and his disorderly persons conviction all involved instances of dishonesty and deceit—traits not tolerated in a position of public service and of a firefighter. In such a visible position, the public must have the utmost confidence and trust in a firefighter and expects the candidate to have an impeccable character. Quite simply, a firefighter candidate must show respect for the law and the rules.

We discern no reason to disturb the CSC's decision denying reconsideration. There is significant evidence in the record regarding appellant's employment and legal history to support the decision that appellant is not suitable to the position of a Jersey City firefighter. Appellant has not demonstrated the CSC's Final Action was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2197-21